IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIS P. MILLER | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 2:08-cv-87 |
| THE CITY OF FLORALA AND PERRY WILLIAMS | ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** |

## COMPLAINT

### JURISDICTION

This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 for violations of Plaintiffs 4th fourth amendment right to be free of unlawful searches and seizures.

### PARTIES

1. Plaintiff Willis P. Miller is an 83 year old resident of Laurel Hill, Florida whose address is 1551 S. Hwy 85 Laurel Hill Florida 32567.

2. Defendant the City of Florala is an Alabama Municipality located in Covington County Alabama whose Mayor is Danny Franklin and address for service of process is 22664 Wall Ave. Florala Alabama 36442.

3. Defendant Perry Williams is an adult resident citizens of Covington County Alabama whose at all times pertinent to this Complaint was acting within the line and scope of his employment as an investigator for the City of Florala. On information and belief

SCANNED

Defendant Williams is currently employed overseas in Iraq by a private non governmental company.

## Facts

4. On or about October the 13th 2007 in the City of Florala Plaintiff while coming to the aid of his daughter Brenda Warhop was arrested and falsely imprisoned by officers employed by Defendant City of Florala. Plaintiff was contacted by his daughter and informed that she was traveling to the Florala Police Department to file a complaint against a neighbor Jackie Inabinent for harassment and that Mr. Inabinent was following her closely going to the police station. Mrs. Warhop and Mr. Inabinent arrived at the station at the same time and an argument ensued. Defendant Williams and Officer Chris Neal of the Florala Police Department came outside and separated the parties and began to take statements from each. Mrs. Warhop's husband Buddy Warhop arrived shortly thereafter. Then Plaintiff who, fearing for his daughters safety, arrived with the intention of confronting Mr. Inabinent about his past treatment of Plaintiff's daughter.

5. As Plaintiff a retired 82 year old veteran slowly approached Mr. Inabinent with the aid of a cane. He, the Plaintiff, raised the cane in the air and cursed Mr. Inabinent saying "damn you Jackie I'm tired of you messing with me and my family". Officer Neal was standing between Mr. Inabinent and Plaintiff. Defendant Williams took the came away from Plaintiff and grabbed Plaintiff by his arm and slung him to the ground. Defendant Williams took Plaintiff by the arm and pushed Plaintiff, face first, into a bench on the sidewalk.

6. Plaintiffs daughter, husband and Plaintiff begged Defendant Williams to not be so ruff

with Plaintiff as he is 82 years old and scheduled for heart surgery. Defendant Williams responded that he "didn't give a damn how old he was that he wasn't going to have this on his watch". Defendant Williams while mashing Plaintiffs head into the bench placed the handcuffs so tightly on Plaintiffs wrist that Plaintiff suffered severe lacerations to his left wrist and arm. Plaintiff begged the Defendant to loosen the cuffs that he was bleeding and in a great deal of pain. Defendant refused and instead of taking him inside the Florala Police Station, Defendant ordered Officer Neal to drive Plaintiff to the Covington County Jail miles away in Andalusia. The entire time Plaintiff continued to beg to be released from the handcuffs or have them loosened. Plaintiffs injuries were so disturbing the Covington County Sheriffs office took photographs to document Plaintiffs condition. Defendants charged Plaintiff with Assault III relative to this incident and he is awaiting trial.

7. Defendant Williams conduct in arresting Plaintiff was egregious and excessive. Plaintiff posed no threat to anyone at anytime and at no time did Plaintiff assault anyone. Defendant Williams had no probable cause to arrest Plaintiff and his doing so was false. Plaintiff was brutalized by an out of control officer with a history of violence. Defendants used excessive, unnecessary force depriving Plaintiff of his 4th amendment right to be free of unlawful searches and seizure.

8. Plaintiff was severely injured. He suffered abrasions to his head, face and body and lacerations to his wrists and arms. Plaintiff has suffered from recurring nightmares from the attack and has had to be treated for emotional distress due to the attack. Plaintiff was scheduled for heart surgery shortly after the attack which had to be delayed due to complications associated with the assault by Defendant. Plaintiff has been permanently

injured and damaged and continues to suffer now and in the future. Plaintiff demands judgement of all Defendants in such amounts as a jury deems reasonable plus attorneys fees and cost.

## COUNT I
Violation of 4th amendment rights
(Excessive force)

9. Plaintiff realleges all paragraphs of the complaint as if fully set fourth herein.

10. Defendant Williams while operating in the line and scope of his employment with Defendant City of Florala did use excessive force when affecting an unlawful arrest of plaintiff.

11. Defendants conduct was violative of the United States Constitutions 4th amendment prohibition of unlawful searches and seizures.

12. As a proximate result Plaintiff was injured and damaged as previously alleged.

Wherefore Plaintiff demands judgement of Defendants in such amounts of compensatory and punitive damages as a jury deems reasonable plus attorney fees and cost.

## COUNT II
## FALSE ARREST

13. Plaintiff realleges all paragraphs of the Complaint as if fully set fourth herein.

14. Defendants arrest of Plaintiff was false.

15. Plaintiff was not guilty of Assault and Defendants arrest was unlawfully affected as he had no probable cause.

16. Plaintiff was not taken into custody for his own safety or anyone elses safety.

17. Defendants conduct violates Plaintiff's 4th Amendment rights to be free of unlawful

searches and seizures.

18. As a proximate result Plaintiff was injured and damage as previously alleged.

Wherefore Plaintiff demands Judgement of Defendants in such amounts of compensatory and punitive damages as a jury deems reasonable plus attorney fees and cost.

## COUNT III
## NEGLIGENCE

19. Plaintiff realleges all paragraphs of the Complaint as if fully set fourth herein.

20. Defendants owed a duty to Plaintiff to serve and protect Plaintiff.

21. Defendants breached their duty to Plaintiff.

22. As a proximate result Plaintiff was injured and damaged as previously alleged.

Wherefore Plaintiff demands judgment of Defendant City of Florala in the amount of $100,000.00 as statutory damages available plus attorneys fees and cost.

_____
L Cooper Rutland, Jr.    (RUT010)
Attorney for Plaintiff

OF COUNSEL:
Rutland Law, L.L.C.
208 Prairie Street North
Post Office Box 551
Union Springs, Alabama 36089
phone: 334-738-4770
fax    : 334-738-4774
lcrj@ustconline.net

## JURY DEMAND

Plaintiff demands trial by struck jury on all counts of the Complaint.

OF COUNSEL

_____

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003804
Cashier ID: khaynes
Transaction Date: 02/08/2008
Payer Name: RUTLAND LAW LLC
------------------------------------
CIVIL FILING FEE
 For: RUTLAND LAW LLC
 Case/Party: D-ALM-2-08-CV-000087-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 11827
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

MILLER V. CITY OF FLORALA ET AL
```