IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIS P. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-87 |
| | ) |
| CITY OF FLORALA, ALABAMA, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The City of Florala, Alabama, submits this memorandum in support of its motion to dismiss. On its face, the complaint fails to state a claim against the City upon which relief can be granted.

## I. INTRODUCTION

This lawsuit arose from a confrontation that plaintiff Willis P. Miller admits he initiated with a citizen named Jackie Inabinett. (See Compl. at 2, ¶ 4.) Mr. Miller admits he raised his cane in the air and cursed Mr. Inabinett during the confrontation. (See Compl. at 2, ¶ 4.) Mr. Miller admits he initiated the confrontation, raised his can in the air, and cursed Mr. Inabinett in front of two Florala police officers. (See Compl. at 2, ¶ 5.)

Mr. Miller is suing Officer Perry Williams and the City of Florala because Officer Williams took away his cane and took him to the ground after he raised the cane during the confrontation. (See Compl. at 2, ¶ 5.)

Mr. Miller's complaint contains three counts. Count I alleges excessive force against Officer Williams and the City in violation of the Fourth

1

Amendment. Count II alleges arrest without probable cause against both defendants in violation of the Fourth Amendment. Count III alleges common law negligence against both defendants.

Officer Williams has not been served with a summons and complaint and has not appeared.

None of the claims states a claim against the City upon which relief can be granted.

## II. ANALYSIS

### A. Motion to Dismiss Standard

"A motion to dismiss is granted only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

"In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party." Barnette v. Phenix City, No. 3:05-cv-473-WKW, 2006 WL 680595, at *1 (M.D. Ala. Mar. 15, 2006) (Watkins, J.).

The threshold is "exceedingly low" to survive a motion to dismiss. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

### B. Respondeat Superior Claims Not Allowed

The Plaintiff alleges the City of Florala violated his Fourth Amendment rights through Officer Williams' actions.

2

However, "A municipality may not be held liable under section 1983 on a theory of respondeat superior."  Snow v. City of Citronelle, 420 F.3d 1262, 1270 (11th Cir. 2005); see also Henderson v. Inabinett, No. 2:05-cv-64-WKW, 2006 WL 1132979, at *5 (M.D. Ala. Apr. 27, 2006) (Watkins, J.) ("Municipalities may not be held liable on a *respondeat superior* theory.").

"A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978).

Because the respondeat superior doctrine does not apply to § 1983 claims, the Fourth Amendment claims – Counts I and II – should be dismissed.

**C.    No Legal Duty to Protect and Serve**

In Count III, the plaintiff claims Officer Williams negligently breached a duty to serve and protect.  (See Compl. at 5, ¶ 20.)

As a threshold issue, the City contends no such duty exists as a matter of law.  The existence of a legal duty is a question of law for the Court.  See New Addition Club, Inc. v. Vaughn, 903 So. 2d 68, 73 (Ala. 2004) ("The existence of a duty is a question of law to be determined by the trial judge.").

The plaintiff has invoked a slogan that some police departments paint on their cars ("To protect and serve") and is trying to pass it off as a legal duty. The City disputes that such a legal duty exists and moves to dismiss on that basis.

**D. State-agent Immunity**

In any event, under Code of Alabama § 6-5-338 (1975) negligence claims against municipalities are barred when based upon the conduct of law enforcement officers.

In pertinent part, § 6-5-338 states:

> (a) Every peace officer … shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.
>
> (b) This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers.

Ala. Code § 6-5-338 (1975).

"It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune." Howard v. City of Atmore, 887 So. 2d 201, 211 (Ala. 2003).

The only question, then, is whether Officer Williams is immune from a simple negligence claim under § 6-5-338(a). "The statute shields every defendant who (1) is a peace officer, (2) is performing law enforcement duties, and (3) is exercising judgment and discretion." Howard v. City of Atmore, 887 So.2d 201, 204 (Ala. 2003).

"The restatement of State-agent immunity as set out in Cranman, 792 So. 2d at 405, now governs the determination of whether a peace officer is

4

entitled to immunity under § 6-5-338(a)." Ex parte City of Tuskegee, No. 1040062, 2005 WL 3557403, at *6 (Ala. Dec. 30, 2005).

"The Cranman standard answers in the affirmative the question whether arresting a person is an exercise of judgment – a 'discretionary function' – and therefore clothes the officer in State-agent immunity." Swan v. City of Hueytown, 920 So. 2d 1075, 1079 (Ala. 2005); see also Walker v. Briley, 140 F. Supp. 2d 1249, 1263 (N.D. Ala. 2001) (""Actions by an officer in executing an arrest are generally considered discretionary functions for purposes of § 6-5-338."); Borders v. City of Huntsville, 875 So.2d 1168, 1178 (Ala. 2003) ("Generally, arrests and attempted arrests are classified as discretionary functions.").

Additionally, an officer's decision about the amount of force to use during an arrest is a discretionary function. See City of Birmingham v. Sutherland, 834 So. 2d 755, 762 (Ala. 2002) ("he was performing a discretionary function when he chose to make a warrantless arrest and a discretionary function when he chose the manner in which he would effect the arrest"); Thurmond v. City of Huntsville, 904 So. 2d 314, 326 (Ala. Civ. App. 2004) ("we conclude that the ... officers were engaged in the exercise of a discretionary function ... when they made the judgment call on how much force to use and under what circumstances to use it").

The Alabama Supreme Court's discussion on pages 905-906 and 910 of Ex parte City of Tuskegee, 932 So. 2d 895 (Ala. 2005), bears directly on this case. In Tuskegee, the court held § 6-5-338(a) barred the plaintiff's negligence

claim against the arresting officers, and § 6-5-338(b) barred the negligence claim against the city.

### III.  CONCLUSION

For the foregoing reasons, City of Florala respectfully moves to dismiss all claims against it with prejudice.

**s/ James H. Pike**
Attorney for Defendant
The City of Florala, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

### CERTIFICATE OF SERVICE

I, James H. Pike, certify that on March 4, 2008, I electronically served this document upon:

L. Cooper Rutland, Jr.
RUTLAND LAW, LLC
P.O. Box 551
Union Springs, Alabama  36089

**s/ James H. Pike**
James H. Pike
