IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| WILLIS P. MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:08-CV-000–87-MEF |
| | ) | |
| THE CITY OF FLORALA | ) | |
| PERRY WILLIAMS and | ) | DEMAND FOR JURY TRIAL |
| CHRISTOPHER NEAL | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS 1ST AMENDED COMPLAINT

COMES now the Plaintiff Willis P. Miller by and through his undersigned counsel and makes this 1st Amended Complaint pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure* to wit:

### JURISDICTION

This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 for violations of Plaintiffs 4th fourth amendment right to be free of unlawful searches and seizures.

### PARTIES

1.    Plaintiff Willis P. Miller is an 83 year old resident of Laurel Hill, Florida whose address is 1551 S. Hwy 85 Laurel Hill Florida 32567.

2.    Defendant the City of Florala is an Alabama Municipality located in Covington County Alabama whose Mayor is Danny Franklin and address for service of process is 22664 Wall Ave. Florala Alabama 36442.

3.    Defendant Perry Williams is an adult resident citizens of Covington County Alabama whose at all times pertinent to this Complaint was acting within the line and scope of his employment as an investigator for the City of Florala. On information and belief Defendant Williams is currently employed overseas in Iraq by a private non governmental company.

4.    Defendant Christopher Neal is an adult resident citizen of Covington County Alabama who at all times pertinent to this Complaint was acting within the line and scope of his employment as a Police Officer with the Defendant The City of Florala.

**Facts**

5.    On or about October the 13th 2007 in the City of Florala Plaintiff while coming to the aid of his daughter Brenda Warhop was arrested and falsely imprisoned by officers employed by Defendant City of Florala. Plaintiff was contacted by his daughter and informed that she was traveling to the Florala Police Department to file a complaint against a neighbor Jackie Inabinent for harassment and that Mr. Inabinent was following her closely going to the police station. Mrs. Warhop and Mr. Inabinent arrived at the station at the same time and an argument ensued. Defendant Williams and Officer Chris Neal of the Florala Police Department came outside and separated the parties and began to take statements from each. Mrs. Warhop's husband Buddy Warhop arrived shortly thereafter. Then Plaintiff who, fearing for his daughters safety, arrived with the intention of confronting Mr. Inabinent about his past treatment of Plaintiff's daughter.

6.    As Plaintiff a retired 82 year old veteran slowly approached Mr. Inabinent with the aid of a cane. He, the Plaintiff, raised the cane in the air and cursed Mr. Inabinent saying "damn you Jackie I'm tired of you messing with me and my family". Officer Neal was standing

between Mr. Inabinent and Plaintiff. Defendant Williams took the cane away from Plaintiff and grabbed Plaintiff by his arm and slung him to the ground. Defendant Williams took Plaintiff by the arm and pushed Plaintiff, face first, into a bench on the sidewalk.

7.     Plaintiffs daughter, husband and Plaintiff begged Defendant Williams to not be so roush with Plaintiff as he is 82 years old and scheduled for heart surgery. Defendant Williams responded that he "didn't give a damn how old he was that he wasn't going to have this on his watch". Defendant Williams while mashing Plaintiffs head into the bench placed the handcuffs so tightly on Plaintiffs wrist that Plaintiff suffered severe lacerations to his left wrist and arm. Plaintiff begged the Defendant to loosen the cuffs that he was bleeding and in a great deal of pain. Defendant refused and instead of taking him inside the Florala Police Station, Defendant ordered Officer Neal to drive Plaintiff to the Covington County Jail miles away in Andalusia. The entire time Plaintiff continued to beg to be released from the handcuffs or have them loosened. Plaintiffs injuries were so disturbing the Covington County Sheriffs office took photographs to document Plaintiffs condition. Defendants charged Plaintiff with Assault III relative to this incident and the charges were later dropped.

8.     Defendant Williams conduct was willful and malicious, intentional, excessive and in bad faith. Plaintiff posed no threat to anyone at any time and at no time did Plaintiff assault anyone. Defendant Williams had no probable cause to arrest Plaintiff and his doing so was false. Plaintiff was brutalized by an out of control officer with a history of violence. Defendants use of force was willful and malicious and excessive and in bad faith depriving Plaintiff of his 4th amendment right to be free of unlawful searches and

seizures.

9.   Defendant Neal was present at the time of Defendant Williams assault on Plaintiff Miller.
     Defendant Neal was capable of intervening to prevent the use of unnecessary force by
     Defendant Williams on Plaintiff and failed to take reasonable steps to protect the Plaintiff
     from Defendant Williams use of unnecessary force.

10.  The Defendant The City of Florala was aware of Defendant Williams use of unnecessary
     force against private citizens in the past and failed to take proper steps to train and
     supervise Defendant Williams and continued to employ Defendant Williams as a police
     officer with the City of Florala. Defendant City of Florala's conduct in retaining
     Defendant Williams showed deliberate indifference to a dangerous individual who should
     not have been allowed to interact with the public as a police officer.

11.  Plaintiff was severely injured. He suffered abrasions to his head, face and body and
     lacerations to his wrists and arms. Plaintiff has suffered from recurring nightmares from
     the attack and has had to be treated for emotional distress due to the attack. Plaintiff was
     scheduled for heart surgery shortly after the attack which had to be delayed due to
     complications associated with the assault by Defendant. Plaintiff has been permanently
     injured and damaged and continues to suffer now and in the future. Plaintiff demands
     judgement of all Defendants in such amounts as a jury deems reasonable plus attorneys
     fees and cost.

### COUNT I
Violation of 4th amendment rights
(Excessive force)

12.  Plaintiff realleges all paragraphs of the complaint as if fully set fourth herein.

13.    Defendant Williams while operating in the line and scope of his employment with
       Defendant City of Florala did use excessive force when affecting an unlawful arrest of
       plaintiff.

14.    Defendants conduct was violative of the United States Constitutions 4th amendment
       prohibition of unlawful searches and seizures.

15.    As a proximate result Plaintiff was injured and damaged as previously alleged.
       Wherefore Plaintiff demands judgement of Defendants in such amounts of compensatory
       and punitive damages as a jury deems reasonable plus attorney fees and cost.

## COUNT II
## FALSE ARREST

16.    Plaintiff realleges all paragraphs of the Complaint as if fully set fourth herein.

17.    Defendants arrest of Plaintiff was false.

18.    Plaintiff was not guilty of Assault and Defendants arrest was unlawfully affected as he
       had no probable cause.

19.    Plaintiff was not taken into custody for his own safety or anyone elses safety.

20.    Defendants conduct violates Plaintiff's 4th Amendment rights to be free of unlawful
       searches and seizures.

21.    As a proximate result Plaintiff was injured and damage as previously alleged.
       Wherefore Plaintiff demands Judgement of Defendants in such amounts of compensatory
       and punitive damages as a jury deems reasonable plus attorney fees and cost.

## COUNT III
## FALSE IMPRISONMENT

22.    Plaintiff realleges all paragraphs of the Complaint as if fully set fourth herein.

23.    Defendants having no cause to arrest Plaintiff arrested Plaintiff and charged him with assault.

24.    Defendants policy and procedure was to transport all arrestee's to Andalusia from Florala which is 20 miles away to the Covington County Jail.

25.    Plaintiff was handcuffed and placed in Defendants patrol car and driven to Andalusia Alabama.

26.    Plaintiff suffered further  injury by the handcuffs that were applied improperly and due to the false imprisonment and extended time he was kept in the patrol car.

27.    As a proximate result of Defendants false imprisonment Plaintiff was injured as aforesaid.

Wherefore Plaintiff demands judgment of all defendants in such amounts of compensatory and putative damages as a jury deems reasonable plus cost.

## COUNT V
## ASSAULT AND BATTERY

28.    Plaintiff realleges all paragraphs of the complaint as if fully set fourth herein.

29.    Defendant Williams assaulted Plaintiff while making an unlawful arrest of Plaintiff.

30.    Defendants conduct was willful, malicious, intentional and in bad faith.

31.    As a proximate result of Defendants conduct Plaintiff was injured as aforesaid.

Wherefore Plaintiff demands judgment of Defendants in such amounts of compensatory and putative damages as a jury deems reasonable plus attorneys fees and cost.

## COUNT VI
## Failure to Intervene
## (excessive force)

32.     Plaintiff realleges all paragraphs of the complaint as if fully set fourth herein.

33.     Defendant Neal owed a duty to intervene and protect Plaintiff from the assault and

excessive force used against Plaintiff by Defendant Williams.


34.     As a proximate result of Defendants conduct Plaintiff was injured as aforesaid.

Wherefore Plaintiff demands judgment of Defendants in such amounts of compensatory

and putative damages as a jury deems reasonable plus attorneys fees and cost.

**COUNT VI**
**Negligent hiring, training and supervision**

35.     Plaintiff realleges all paragraphs of the complaint as if fully set fourth herein.

36.     Defendant City of Florala owed a duty to Plaintiff to properly hire, train and supervise

Defendant Williams.

37.     Defendant had at the time Plaintiff was attacked prior knowledge that Defendant

Williams had used excessive force in the discharge of his duties.

38.     Defendant City of Florala failed to provide additional training or supervision to

Defendant Williams and  continued to employ Defendant Williams which  amounted to

an deliberate indifference to his conduct.

39.     Defendant City of Florala continued to allow Defendant Williams to work unsupervised

for the City with the knowledge that he had been involved in the use of excessive force

against private citizens.

40.     As a proximate result of Defendants conduct Plaintiff was injured as aforesaid.

Wherefore Plaintiff demands judgment of Defendants in such amounts of compensatory

and putative damages as a jury deems reasonable plus cost.

/s/ L. Cooper Rutland, Jr. (RUT010 )
L. Cooper Rutland, Jr.,
Attorney for Plaintiff

OF COUNSEL:
Rutland Law, L.L.C.
208 Prairie Street North
Post Office Box 551
Union Springs, Alabama 36089
phone: 334-738-4770
fax    : 334-738-4774
lcrj@ustconline.net

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed the foregoing *Plaintiff 1st Amended*

*Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

James H. Pike
SHEALY, CRUM & PIKE, P.C.
P.O. BOX 6346
DOTHAN, AL 36302-6346
Tel. (334)-677-3000
fax (334-677-0030
E-mail jpike @scplaw.us

OF COUNSEL:

/s/ L. Cooper Rutland, Jr. (RUT010 )