IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

WILLIS P. MILLER                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        CASE NO. 2:08-CV-000–87-MEF
                                    )
THE CITY OF FLORALA                 )
PERRY WILLIAMS and                  )        DEMAND FOR JURY TRIAL
CHRISTOPHER NEAL                    )
                                    )
        Defendants.                 )

## MEMORANDUM IN OPPOSITION TO
## MOTION TO DISMISS

COMES NOW, the Plaintiff Willis P. Miller by and through his undersigned counsel and

offers this Memorandum in support of his opposition to Defendant City of Florala's Motion to

Dismiss.

### INTRODUCTION

This lawsuit arose from an assault of Plaintiff by Officer Perry Williams and Officer

Christopher Neal who are employed by Defendant City of Florala.[1]  Plaintiff intended to confront

Jackie Inabinett about his treatment of Plaintiffs family (see Plaintiff Complaint and Amended

Complaint paragraph 5). Plaintiff with his walking cane in hand and two policemen present stated

"damn you Jackie I'm tired of you messing with me and my family." (see Plaintiff Complaint and

Amended Complaint paragraph 6) Defendant Perry Williams faced with an 82 year old man schedule

for heart surgery who was rightfully upset took Plaintiffs cane away from him and then proceeded

to assault Mr. Miller by throwing him to the ground and injuring him with handcuffs while mashing

---

[1]Officer Christopher Neal has been named as a defendants in Plaintiff 1st Amended
Complaint filed on March 13, 2008. (see document 11 of electronic filing)

his face and head into a bench and severely lacerating Plaintiff wrist with the handcuffs. Officer Neal standing a few feet away failed to do anything to stop the assault and further contributed to Plaintiffs injuries by transporting him 20 miles away to another facility while handcuffed, bleeding and in pain to charge him with an assault that never took place. (see Plaintiff's Complaint paragraph 7)

Plaintiff has brought claims for Excessive Force against the City and Officer Williams for the assault (Count I of Plaintiff's Complaint), False Arrest against all Defendants (Count II of Plaintiff's Amended Complaint), False Imprisonment against all Defendants (Count III of Plaintiff's Amended Complaint), Assault and Battery against the City and Officer Williams (Count V of Plaintiff's Amended Complaint), Failure to Intervene (excessive force) against Officer Neal, (Count VI of Plaintiff's Amended Complaint) and Negligent Hiring, Training and Supervision of Defendant Williams and Neal by the Defendant City of Florala (Count VI of Plaintiff's Amended Complaint).[2] For the purposes of this opposition Plaintiff will address only those Counts Defendant has moved to Dismiss in the original Complaint.

## ANALYSIS
### Standard of Review

Defendant has accurately stated the standard for Granting a Motion to Dismiss and Plaintiff will only reiterate that "the threshold is exceedingly low to survive a Motion to Dismiss." *Ancata vs. Prison Health Service, Inc. 769 F. 2d 700, 703 (11th Cir. 1985)*

### RESPONDEAT SUPERIOR

Plaintiff agrees with Defendant's analysis that Count I and II of Plaintiff's Complaint against Defendant City of Florala cannot be sustained based on the theory of respondeat superior.

---

[2]Plaintiff's amended complaint should be numbered Counts I thru VI of the Amended Complaint. Count V for Assault and Battery should be Count IV and Count VI Failure to Intervene on the part of Defendant Neal should be Count V.

<u>**COUNT III**</u>
<u>**NEGLIGENCE**</u>

Defendant City of Florala and Officer Williams do in fact have a duty to serve and protect the citizens in their jurisdiction. The Alabama Supreme Court in *Ex parte Harrell 470 So 2d 1309, 1318 (Ala. 1985)* recognized that cities and there Officers in the execution of their duty to protect and serve provided justification for making the killing of an officer a capital crime by "imposing capital punishment upon one who intentionally and knowingly takes the life of a police officer **while that officer is engaged in carrying out his appointed duties protecting the health, welfare and property of the citizens he serves."** emphasis added.

Defendant City of Florala believes this duty to be just a slogan the police can paint on the back of their cars and nothing more. (Def. Memo pg. 3) Their disregard for their duty is evident in the way they treat their most vulnerable citizens. (see ex A-J to Plaintiffs Declaration)

Defendants have invoked state agent immunity as an absolute defense to Plaintiffs claims. "Peace Officer immunity, like state agent immunity does not provide immunity from liability for the commission of an intentional tort, but only for negligence in the exercise of judgement" *Hollis vs. City of Brighton 950 So. 2d 300 (Ala. 2006)* However, "a state agent shall not be immune from civil liability in his or her personal capacity when the state agent acts willfully, maliciously, fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of the law." *Ex parte Cranman 792 So. 2d 392, 405 (Ala. 2000)* Plaintiff in his Complaint alleged that Defendant said he did not give a damn how old Plaintiff was (see paragraph 6 of Plaintiff's Complaint). Plaintiff further alleged Defendant had no probable cause to arrest Plaintiff, that he assaulted Plaintiff and his conduct was egregious and excessive. Plaintiff alleged that he was brutalized by an out of control officer with a history of violence. (see Plaintiff's Complaint paragraph 7) Count III of Plaintiff's Complaint

realleges all these facts.(see paragraph 19 of Plaintiffs Complaint) Taken in a light most favorable

to Plaintiff the Court can find that Defendant Williams conduct was willful, malicious, in bad faith

and beyond his authority. As such Defendant City of Florala, as his employer, is not entitled to state

agent immunity under § 6-5-338 (b) of the *Code of Alabama 1975*(see *Henderson vs. Inabinett 2006*

*WL 1132979 (M.D. Ala)* Plaintiff offers photographs of his injuries as evidence of the maliciousness

of Defendants attack and failure of his duty to protect and serve Plaintiff. (See Declaration of Willis

P. Miller Ex. A thru J attached)[3]

## CONCLUSION

Plaintiff does not oppose granting Defendant City of Florala's Motion to Dismiss Count I and II as

to the City but opposes Defendants Motion to Dismiss Count III based on Defendants conduct being

malicious, willful, in bad faith and beyond his authority.

Therefore, Plaintiff Respectfully request this Honorable Court deny Defendant Motion to

Dismiss as to Count III of the original Complaint.

Done this the ___20th___ day of ___March___ 2008.


_____/s/ L. Cooper Rutland, jr._____
(RUT010) Attorney for Plaintiff

OF COUNSEL:
Rutland Law, L.L.C.
208 Prairie Street North
Post Office Box 551
Union Springs, Alabama 36089
phone: 334-738-4770
fax    : 334-738-4774
lcrj@ustconline.net

---

[3]Plaintiff has filed an Amended Complaint to include a new defendant and additional claims against Defendant City and Officer Williams that provide more specific allegations under Count III.

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2008, I electronically filed the foregoing *Plaintiff's Memorandum in Support of Opposition to Motion to Dismiss* Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James H. Pike
SHEALY, CRUM & PIKE, P.C.
P.O. BOX 6346
DOTHAN, AL 36302-6346
Tel. (334)-677-3000
fax (334-677-0030
E-mail jpike @scplaw.us


Christopher Neal
City of Florala
22654 Wall Ave.
Florala, AL 36442

OF COUNSEL:


  /s/ L. Cooper Rutland, Jr. (RUT010 )

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| WILLIS P. MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:08-CV-000–87-MEF |
| | ) | |
| THE CITY OF FLORALA | ) | |
| PERRY WILLIAMS and | ) | DEMAND FOR JURY TRIAL |
| CHRISTOPHER NEAL | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF WILLIS P. MILLER

I, Willis P. Miller hereby declare:

1.    I am the Plaintiff in the above styled lawsuit. I am 83 years old and a resident of Laurel Hill Florida.

2.    I have personal knowledge of the facts presented in this declaration. I respectfully submit this declaration in support of Plaintiff opposition to Defendant City of Florala's Motion to Dismiss.

3.    On October the 13th 2007 I was coming to the aid of my daughter Brenda Warhop who was being harassed by Jackie Inabinett. When I arrived at the Florala Police station I saw my daughter, son in law, Jackie Inabinett, Officer Perry Williams and Officer Chris Neal standing in front of the Florala Police Department. I had my walking cane in my hand as I approached the group I raised the cane up in the air and I said "damn you Jackie I am tired of you messing with me and my family". Officer Neal was standing in front of Mr. Inabinett. Officer Williams walked up to me and snatched the cane out of my hand and threw it against the building. He then grabbed my arm and threw me to the ground. He put a handcuff on my left wrist so tight it cut me to the bone. He lifted me up and threw me face first into a bench on the sidewalk. My family was asking him to not be so rough, I was an old man and scheduled for heart surgery. Perry Williams said he didn't give a damn how old I was that he wasn't going to have this on his watch. He handcuffed me behind my back and told Officer Neal who was standing a few feet away to carry me to Andalusia. I was bleeding badly and the cuffs were cutting into my arms. I asked Officer Neal to please uncuff me all the way to the jail but he refused. Officer Perry Williams is a close friend of the Inabinett family and he knew we did not get along. He took the opportunity to assault me when I came

up to confront Jackie Inabinett about his treatment of my daughter.

4.      I have attached to this Declaration photocopies of Original Photographs taken of my injuries while I was at Florala Hospital on October 13, 2007 after my daughter bailed me out of jail. (Exhibits A thru J)

5.      The photographs Marked Exhibits A thru J were taken by my daughter Brenda Warhop at my direction and are an accurate depiction of my condition at the time the photographs were taken.

6.      This attack was unprovoked. I was charged with assault and the charges were dropped.

7.      The Alabama Bureau of Investigation came and interviewed me about this attack and I told them the same story.

8.      My health at the time of this assault was poor. My health has only become worse due to this attack. I am a veteran and the memory of this assault has caused me great mental anguish.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the _____ day of March 2008.

Willis P. Miller



PLAINTIFF'S EXHIBIT A



PLAINTIFF'S EXHIBIT
B



PLAINTIFF'S
EXHIBIT
C





PLAINTIFF'S EXHIBIT

E




PLAINTIFF'S
EXHIBIT









