## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIS P. MILLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:08-cv-87** |
| | ) | |
| CITY OF FLORALA, ALABAMA, | ) | |
| et al., | ) | |
| | ) | |
| **Defendant.** | ) | |

### OBJECTION AND MOTION TO STRIKE

The City of Florala, Alabama, objects to the Declaration of Willis P. Miller and the attached exhibits and moves to strike them.  (Doc. 15 at 6-17.)

The declaration and photos are irrelevant to whether the complaint and amended complaint state viable claims for relief.  This is nothing more than an effort to improperly influence the Court with inflammatory photos of bruising on a heart patient, when it's common knowledge that heart patients take Coumadin, which causes unusual and exaggerated bruising.  (On Page 1 of his Memorandum, Miller states he was a heart patient who was scheduled for heart surgery at the time of the incident.)

The eggshell skull doctrine does <u>not</u> apply in § 1983 litigation.  There is ample legal authority that officers are not responsible for a suspect's pre-existing medical problems, and Officer Williams certainly had no duty to conduct a medical evaluation of Miller as he approached Inabinett with a raised cane.

In <u>Durruthy v. Pastor</u>, 351 F.3d 1080, 1094 n.10 (11th Cir. 2003), the Eleventh Circuit granted qualified immunity in a *de minimis* force case, despite aggravation of plaintiff's pre-existing shoulder injury.

In <u>Rodriguez v. Farrell</u>, 280 F.3d 1341 (11th Cir. 2002), the officer's use of a handcuffing technique aggravated the plaintiff's pre-existing medical condition in his shoulder. This led to twenty-five surgeries and, eventually, amputation of the plaintiff's arm below the elbow. The Eleventh Circuit held, "What would ordinarily be considered reasonable force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown to the officer at the time." <u>Id.</u> at 1353.

In <u>Moore v. Gwinnett County</u>, 967 F.2d 1495 (11th Cir. 1992), the Eleventh Circuit granted qualified immunity to an officer even though the plaintiff suffered a miscarriage after her arrest.

In <u>Hendon v. Reil</u>, 163 F. Supp.2d 1316 (N.D. Ala. 2001), the United States District Court for the Northern District of Alabama granted summary judgment to an officer even though the plaintiff experienced a heart attack during her arrest. The court assumed, without deciding, that the arrest contributed to the plaintiff's heart attack, but held, "There is no reasonable inference, however, that Reil knew or should have known that his action would result in a heart attack." <u>Id.</u> at 1327.

In <u>Silverman v. Ballantine</u>, 694 F.2d 1091, (7th Cir. 1982), the Seventh Circuit held officers' use of force in response to non-life-threatening resistance was reasonable, even thought the arrestee died of heart attack immediately after

the struggle.    This case was cited with approval by the Eleventh Circuit in

Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002).

In 2005, defense counsel handled a similar case before Judge Thompson in

which a heart patient experienced severe bruising and a heart attack after she

tussled with the police.    See Bullard v. Finley, 2:05-cv-08-MHT, 2005 WL

3576850 (Dec. 29, 2005).    In granting summary judgment for the defense, Judge

Thompson wrote:

> It is certainly regrettable that Bullard sustained injuries from this
> unfortunate confrontation, but "government officials are not required to
> err on the side of caution." Marsh v. Butler County, 268 F.3d 1014,
> 1031 n. 8 (11th Cir.2001) (en banc). "Not every push or shove, even if it
> may later seem unnecessary in the peace of a judge's chambers ...
> violates the Fourth Amendment." Graham, 490 U.S. at 396.
>
> The possibility that Bullard may have suffered a heart attack
> subsequent to the events in question does not change the analysis.
> "What would ordinarily be considered reasonable force does not become
> excessive force when the force aggravates (however severely) a pre-
> existing condition the extent of which was unknown to the officer at the
> time." Rodriguez v. Farrell, 280 F.3d 1341, 1353 (11th Cir.2002)
> (finding no constitutional violation when arrest resulted in amputation
> of arrestee's arm because of serious pre-existing injuries of which
> officers were unaware); see also Silverman v. Ballantine, 694 F.2d 1091
> (7th Cir.1982) (concluding that force used was not, as a matter of law,
> excessive even though arrestee died of heart attack during arrest).

Bullard v. Finley, 2:05-cv-08-MHT, 2005 WL 3576850, at *5 (Dec. 29, 2005).

It's unfortunate that Miller was a heart patient, but that's all the more

reason why he should not have, by his own admission, initiated the confrontation

with Inabinett, approached him, and raised a cane against him in front of two

police officers.

Officer Williams' alleged actions in taking Miller to the ground and

handcuffing him were objectively reasonable by any standard.    The plaintiff's

3

attempt to improperly influence the Court with matters that are irrelevant at the motion to dismiss stage should be recognized as such and struck from the record.

                                                      **s/ James H. Pike**
                                                      Attorney for Defendant
                                                      The City of Florala, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

## CERTIFICATE OF SERVICE

     I, James H. Pike, certify that on March 25, 2008, I electronically served this document upon:

     L. Cooper Rutland, Jr.
     RUTLAND LAW, LLC
     P.O. Box 551
     Union Springs, Alabama  36089

                                                          **s/ James H. Pike**
                                                      James H. Pike