IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIS P. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-87 |
| | ) |
| CITY OF FLORALA, ALABAMA, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

## SECOND MOTION TO DISMISS OR QUASH

Pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, defendant Christopher Neal moves to dismiss or quash service based upon lack of personal jurisdiction, insufficient process, and insufficient service of process.

On March 13, 2008, Willis P. Miller filed an amended complaint that added Christopher Neal as a defendant. (See Doc. 11.)  On March 17, 2008, the United States District Court Clerk issued a summons and complaint addressed to Christopher Neal at the Florala Police Department. (See Doc. 12.) On March 17, 2008, the return receipt card was signed by someone named Lykeshia Anderson at the Florala Police Department. (See Doc. 13.)

The plaintiff has conceded that his original summons was not properly served, and the Court has quashed service. (See Docs. 24 and 27.)

On April 8, 2008, the clerk issued another summons. (See Doc. 25.) It was addressed to "Christopher Neal c/o Alabama Criminal Justice Training Center, 349 Avenue C, Craig Field, Selma, Alabama 36701." (See Doc. 25.) On

1

April 9, 2008, the return receipt card was signed by someone named Lanette Williams.  (See 28.)

This summons also has not been served in compliance with the Federal Rules of Civil Procedure.  The rules do not authorize service of a defendant through an apparent employee of a law enforcement training academy.

Further, the second summons violates Rule 4(a)(1)(C) in that it does not state the name and address of the plaintiff's attorney.  It is insufficient as a matter of law.

## I. PLAINTIFF HAS BURDEN OF PROOF

"As numerous cases make clear, the party on whose behalf service of process is made has the burden of establishing its validity when challenged; to do so, she must demonstrate that the procedure employed to deliver the papers satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (Westlaw 2008); see also Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity.").

## II. SERVICE HAS NOT BEEN PERFECTED

Rule 4(a)(1) of the Federal Rules of Civil Procedure establishes minimum requirements for a summons:

 (1) Contents. ***A summons must:***

  (A) name the court and the parties;

  (B) be directed to the defendant;

  ***(C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;***

  (D) state the time within which the defendant must appear and defend;

  (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

  (F) be signed by the clerk; and

  (G) bear the court's seal.

Ala. R. Civ. P. 4(a)(1) (emphasis added).

 The summons issued to the Alabama Criminal Justice Training Center does not state the name and address of the plaintiff's attorney. It is legally insufficient under Rule 4(a)(1)(C) and, therefore, should be dismissed or quashed under Rule 12(b)(4).

 The second summons has not been properly served, either. Rule 4(e) establishes the methods by which a party may perfect service:

  (e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:

   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

   (2) doing any of the following:

3

>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The pertinent part of Alabama's Rule 4 states:

> (c) **Upon Whom Process Served.** Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:
>
>> (1) Individual. Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process;

Ala. R. Civ. P. 4(c).

Service upon the apparent employee of a police training academy in which a defendant is believed to be enrolled is not an authorized method for service of process under either the federal or state rules.

Proper service of process is a prerequisite to personal jurisdiction and without it any judgment will be void. See Varnes v. Local 91, Glass Bottlers Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982) (holding judgment void when defendant not properly served).

WHEREFORE, defendant Christopher Neal moves to dismiss the amended complaint or, in the alternative, to quash service under Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.

s/ James H. Pike
Attorney for Defendant
Christopher Neal

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on April 14, 2008, I electronically served this document upon:

L. Cooper Rutland, Jr.
RUTLAND LAW, LLC
P.O. Box 551
Union Springs, Alabama  36089

s/ James H. Pike
James H. Pike