IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIS P. MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:08-CV-000–87-MEF |
| | ) | |
| THE CITY OF FLORALA | ) | |
| PERRY WILLIAMS and | ) | DEMAND FOR JURY TRIAL |
| CHRISTOPHER NEAL | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANT CITY OF FLORALAS MOTION TO DISMISS

COMES NOW, the Plaintiff Willis P. Miller by and through his undersigned counsel and offers this memorandum in support of Plaintiffs opposition to Defendant City of Florala's Motion to Dismiss the Amended Complaint to wit;

### Jurisdiction

This Court has subject matter jurisdiction over all § 1983 claims in this action pursuant to 28 U.S.C. § 1331 and may exercise pendent jurisdiction over all state law claims.

### Overview

Plaintiff Willis P. Miller initially filed suit against the City of Florala and Perry Williams alleging violations of his 4th amendment right to be free of unlawful searches and seizures (Count I) False Arrest (Count II) and Negligence (Count III). Plaintiff later amended his Complaint to include Defendant Christopher Neal and expand his claims to include False imprisonment (Count

1

III) Assault and Battery (Count IV) Failure to Intervene (Count V) and Negligence Hiring, Training and Supervision (Count VI). Plaintiff was injured by Defendant Williams while Defendant Neal stood by and watched. Defendants use of force against Plaintiff was excessive, malicious and completely unreasonable based on the situation the officers faced at the time of this assault. Since October 13, 2007 Officer Perry Williams has either left The City of Florala Police Department voluntarily or was terminated. Plaintiff believes Defendant Williams is presently working private security for DynCorp, Inc. in Bagdad, Iraq. Plaintiff has subpoenaed DynCorp for information to assist Plaintiff in affecting service of process on Defendant Williams. Defendant Neal is still employed with the City of Florala and is now just attending police academy in Selma, Alabama. Plaintiff is still in the process of affecting service on Defendant Neal. Defendant thereafter filed their Motion to Dismiss the amended Complaint.

### Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Day v Taylor* 400 F. 3d 1272, 1275 (11th Cir. 2005) "The court must accept all factual allegations as true and view them in a light most favorable to the Plaintiff."*Johnson v City of Clayton,* 2005 WL 1618556 (M.D. Ala.) citing *Hishon v King and Spalding* 467 U.S. 69,73,104 S. ct. 2229, 81 L. Ed. 2d 59 (1984) "A motion to dismiss may be granted only when the defendant demonstrates beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v Hunt* 381 F. 3d 1077, 1080 (11th Cir. 2004) "The threshold is "exceeding low" for a complaint to survive a motion to dismiss for failure to state a claim" *Henderson v Inabinett* 2006 WL 1132979 (M.D.Ala.)

citing *Ancata v Prison Heath Services Inc.* 769 F. 2d 700, 703 (11th Cir. 1985).

### Count I Excessive Force

When a claim of excessive force is alleged in violations of § 1983 courts must "determine whether the forced used to effect a particular seizures is "reasonable". The 4th amendment requires a careful balancing of " the nature and quality of the intrusion on the individuals 4th amendment interests" against the countervailing governmental interests at stake." *Hope v Pelzer* 536 U.S. 730 quoting *United State v Place* 462 U.S. 696, 103 S. ct 2637, 77 L. Ed. 2d 110 (1983).

" The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v Wolfish* 441 U.S. 520 (1979) " Its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" *Tennessee v Garner* 471 U.S. 1, 8, 105 S. ct 1694 85 L. Ed. 2d 1 (1985).

" To determine whether the amount of force used by a police officer was proper, a court must ask whether a reasonable officer would believe that this level of force is necessary in the situation at hand" *Lee v Ferraro* 284 F. 3d 1188 (11th Cir. 2002).

Plaintiff contends that the claims set forth in Count I of the amended Complaint are sufficiently plead as to Defendant Williams and his use of excessive force against Plaintiff. Defendant argues that Counts I and II cannot exist independent of one another as a False Arrest claim always involves excessive force. (Def. Motion to Dismiss pg. 3).

" However, a claim for excessive force during a legal stop or arrest is a discrete claim." *Jackson v Sauls* 206 F. 3d. 1156, 1172 (11th Cir. 2000). In order for the excessive force claim alleged

3

by Plaintiff in Count I to be subsumed by the False Arrest claim in Count II the defendant would have to fail in their argument that the Defendants had probable cause to arrest the Plaintiff. If, the defendant is successful in arguing that the arrest was not false then the Plaintiffs Count I for excessive force would not be subsumed. Whether the Defendant chooses to argue that the arrest of Plaintiff was lawful or unlawful they are on notice that excessive force was used against plaintiff in violation of Plaintiffs fourth amendment right against unlawful searches and seizures.

### Count II False Arrest

Defendant argues they had probable cause to arrest Plaintiff. " In making the determination as to whether probable cause exists for a warrantless arrest. We must examine the totality of the circumstances surrounding the arrest". *Sockwell v State* 675 So. 2d 4, 13 (Ala. Crim. App. 1993) Probable cause exists where "the facts and circumstances within [the arresting officers] knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in his belief that an offense has been or is being committed." *Washington v State* 922 So. 2d 145 (Ala. Crim. App. 2005) "Put another way probable cause is knowledge of circumstances that would lead a reasonable person of ordinary caution, acting impartially, to believe the person arrested is guilty." *Washington v State* citing *Sockwell* at 13. Defendant offers several offenses for which they contend Defendant Williams had probable cause to arrest Plaintiff.

A.   **Assault**

Plaintiff was booked into the county jail under the charge of Assault III (See Ex. A Bond Receipt)

§ 13A-6-22 *Code Ala.* 1975 defines Assault III as;

(a) A person commits the crime of assault in the third degree if:

(1) With intent to cause physical injury to another person, he causes physical injury to any person; or

(2) He recklessly causes physical injury to another person or ;

(3) With criminal negligence he causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(4) With intent to prevent a peace officer from performing a lawful duty he causes physical injury to any person;

Defendant has offered no evidence that Plaintiff caused physical injury to anyone present the day he was attacked by Defendant Williams while Defendant Neal stood by and watched. No probable cause therefore existed to believe that an assault had taken place and Plaintiffs arrest, booking and making of bail on a charge of assault III was false. Defendant knowing they have no argument regarding Plaintiffs false arrest has decided to throw everything against the wall and see what sticks.

B.   Harassment

§ 13A-11-8 *Code Ala.* 1975 defines harassment in pertiant part

(a)(1)   Harassment- A person commits the crime of harassment if , with intent to harass, annoy or alarm another person, he;

(a) strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact

(b) Directs abusive or obscene language or makes an obscene gesture toward another person.

(2). For purposes of this section, harassment shall include a threat verbal or non verbal,

made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety.

Mr. Miller the Plaintiff admits in his amended complaint that as he slowly approach Mr. Inabinett while two police officers were present (one directly between the two men) made a statement addressed to Mr. Inabinett, using the word damn a single time[1] that he was tired of him messing with his family, while raising his walking cane in the air. (Plaintiff amended complaint paragraph 6) The question then is would a reasonable person faced with these facts believe a crime (in this case harassment) was being committed? No threat was leveled during this retort. Plaintiff simply made a statement of his displeasure of past treatment of his family by Mr. Inabinett. Defendant has offered no evidence that Inabinett was fearful of his safety. To the contrary when confronted with an octogenarian while in the company of two armed police officers the Plaintiff doubts any person would fear for their safety. In addition, the Defendants relieved Plaintiff of his cane thus rendering even that alleged threat moot. (Plaintiff amended complaint paragraph 6) Why then would a reasonable person faced with an unarmed 83 year old believe he was guilty of harassment. He would not. Taken in a light most favorable to Plaintiff Defendant would have no probable cause to arrest Plaintiff for harassment. Therefore plaintiffs claim of false arrest is proper.

C.  **Menacing**

§ 13A-6-23 *Code of Ala.* 1975 defines menacing as;

(a)  A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical

---

[1] Defendants describe the Plaintiff use of the word damn as abusive and obscene. See Robinson v State 615 So 2d 112 "Defendant" did not commit offense of harassment in officers presents where he yelled "fuck" before shouting officers name."

6

injury[2].

It strains credulity to believe that defendant had arguable probable cause to arrest Plaintiff for menacing. To say that an 83 year old heart patient with a walking stick in the presence of two young well armed policeman could place anyone in fear of serious physical injury is beyond the pale. Taken in a light most favorable to the Plaintiff, Defendant's Motion to Dismiss should be denied.

D.   **Disorderly Conduct**

§ 13A-11-7 *Code Ala.* 1975 defines Disorderly Conduct as;

(a)   A person commits the crime of disorderly conduct if with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he;

   (1)   Engages in fighting or in violent tumultuous or threatening behavior; or

   (2)   Makes unreasonable noise; or

   (3)   In a public place uses "abusive or obscene language"[3] or makes an obscene gesture, or

   (4)   Without lawful authority disturb any lawful assembly or meeting of persons; or

   (5)   Obstructs vehicular or pedestrian traffic, or a transportation facility; or

   (6)   Congregates with other person in a public place and refuses to comply with a lawful order of the police to disperse.

---

[2]Alabama law defines serious physical injury as "Physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ § 13A-1-2 Code Ala. 1975.

[3]"The "abusive or obscene language" provision is very narrow and applies only to fighting words". *Mosely v City of Auburn* 428 So 2d 165 (Ala. Crim. App. 1982).

7

Defendants claim Plaintiff initiated a confrontation but the amended complaint clearly states he intended to confront Mr. Inabinentt about his past treatment of Plaintiffs family. Plaintiff use of the word or phrase "damn you" can hardly be considered as fighting words. See *R.I.T. v State* 675 So. 2d 97 (Ala. Crim. App. 1995) where a "Juvenile told police officer "fuck you" did not amount to fighting words and could not be adjudicated delinquent based on a finding of disorderly conduct". There is nothing in the law that says two people cannot have a discussion on a public street. No reasonable policeman in the same position would have believed that Mr. Millers conduct was criminal. Taken in a light most favorable to the Plaintiff, Defendants motion to dismiss should be denied.

The facts surrounding Plaintiffs arrest as alleged when taken in a light most favorable to Plaintiff do not support defendants claim of arguable probable cause. If the court finds that Plaintiffs claims for false arrest are due to be dismissed then Plaintiff would argue that Plaintiff was the victim of excessive force during a lawful stop and Defendants use of force was excessive based on the fourth amendments reasonableness standard set fourth in *Graham v Connor* 490 U.S. 385, 395 (1989)

## Count III False Imprisonment

"False imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty" § 6-5-170 *Ala. Code* 1975"Thus a wrongful arrest will also support a claim for false imprisonment." *Upshaw v McArdle* 650 So. 2d 875 (Ala. 1994) If Plaintiff's false arrest claim is valid then that would logically follow that defendant had no right to detain Plaintiff by handcuffing him and carrying him 20 miles away to be booked in another City.(Plaintiffs amended complaint Paragraph 7). Defendant has offered no

evidence to refute the allegation of the complaint and when taken in a light most favorable to Plaintiff, Defendant's motion to dismiss should be denied.

### Count IV Assault and Battery

Defendant claims only that plaintiff has not alleged sufficient facts to support his claim that Defendant Williams assault of Plaintiff was done willfully, intentionally with malice or in bad faith.

Plaintiffs account of what occurred has been alleged with as much specificity as humanly possible. Plaintiff would point out that in Plaintiffs complaint Defendant Williams stated he "didn't give a damn how old Plaintiff was" (See Plaintiffs Amended Complaint paragraph 7) Plaintiff further alleged he suffered lacerations from the handcuffs and Defendant refused to loosen them (Plaintiffs Amended Complaint Paragraph 7). These facts taken in a light most favorable to Plaintiff support the contention that Defendant Williams being aware of Mr. Millers age and condition intended to injury Plaintiff and did in fact cause serious physical injuries to Plaintiff by use of excessive force, were it is clear, absolutely no force was necessary to affect an arrest whether it was lawful or false. Defendant has offered no evidence to contradict Plaintiffs well pled complaint and as such Defendants motion to dismiss should be denied.

### Count V Failure to Intervene

Defendant being unsure of Plaintiffs claim being federal or state Plaintiff clarifies herein that it is a § 1983 claim.[4]

" The law of this circuit is that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officers use of excessive force, can be held liable

---

[4] In Plaintiff's amended complaint under Count V Failure to Intervene the Plaintiff (in using the term "excessive force" it was the intention of Plaintiff to bring this claim under § 1983 for excessive force.)

for his nonfeasance". *Dukes v Miami*-Dade County 232 Fed. Appx. 907 (C.A. 11 (Fla.) 2007) quoting *Sktich v Thornton* 280 F. 3d 1295, 1302 (11th Cir. 2002). The Plaintiff has clearly stated in his complaint that Officer Neal was present and failed to protect Plaintiff from Officer Williams. (Plaintiff Amended Complaint paragraph 9).

Defendant Argues that the allegations of excessive force is insufficient. Defendant argues that Mr. Millers arrest involved the use of **deminimus force**. ( Def. Memo Pg. 19) "All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment reasonableness standard". *Johnson v City of Clanton* id citing *Graham v Connor* id at 395 (1985) "The 11th Circuit Court of Appeals has interpreted the Supreme Courts language in Graham as requiring the balancing of three factors in determining whether the force applied was reasonable." *Draper v Reynolds* 369 F. 3d 1270 (11th Cir. 2004).

"These factors are the need for the application of force, the relationship between the need and amount of force used, and the extent of the injury inflicted." *Draper* id.

Plaintiff argues that when faced with an 83 year old man who made no threat toward anyone and having his cane taken away from him by the Defendant, there was no need whatsoever that force be used against Plaintiff .

What reason did Defendant have to throw an elderly man to the ground and handcuff him while pushing his face into a sidewalk bench? The reason Defendant assaulted Plaintiff was for the benefit of Mr. Inabinentt and his relationship to the Florala Police Department. See Declaration of Willis P. Miller Document 15.

The third factor in determining if the force used was reasonable is the extent of injuries

10

inflicted. Plaintiff offers Ex. A-J to Plaintiff declaration Document 15 as evidence of the injuries inflicted.

Additionally, Plaintiff would argue that Defendant's policy and custom of transporting all arrestees to another city 20 miles away[5] contributed to Plaintiffs damages and as such subject the City of Florala to liability for Plaintiffs § 1983 claims. "A local government body is liable under §1983 when execution of a government policy or custom whether made by its law makers or by those who edicts or acts may fairly be said to represent official policy inflicts injury" *Davis v Armstrong Relocation LLC* 2007 WL 2460609 (M.D. Ala.). Defendants offered no evidence to refute Plaintiffs allegations that Defendant Neal had an opportunity to intervene and stop the assault and excessive force by officer Williams on Plaintiff and failed to do so. As such Defendants motion to dismiss should be denied.

### Count VI Negligent Hiring, Training and Supervision

"Under Alabama law the liability of a municipality is limited to injuries suffered through neglect, carelessness or unskillfulness" *Franklin v City of Huntsville* 670 So. 2d 848, 852 (Ala. 1995). "A municipality can be held liable "where the officer committing the alleged assault or battery was unskilled as a consequence of inadequate training or supervision by the municipality" *Nolin v Town of Springville* 45 F. Supp. 29 894, 914 (N.D. Ala 1999) restated in *Byther v City of Mobile* 398 F. Supp. 29, 122 (S.D. Ala. 2005). Defendant City of Florala through its negligence or unskillfulness failed to properly train and supervise Defendant Williams who left to his own devises assaulted and injured Plaintiff.

---

[5] See *Henderson v Inabinett* 2006 WL 2547435 " Deputy Inabinett began his transport to the Covington County Jail in Andalusia, the jail used by the City of Florala to house its prisoners."

Defendant is claiming immunity through the peace officer immunity statute § 6-5-338(a) and § 6-5-338(b) of the Code of Alabama. Defendant however, is not entitled to immunity where the conduct of that officer was malicious and in bad faith. "Discretionary function immunity as is the case with state agent immunity is withheld if an officer acts with willful or malicious intent or in bad faith." *Ex parte City of Montgomery* 758 So. 2d 565 (Ala. 1999) restated in *Borders v City of Huntsville* 875 So. 29 1168 (Ala. 2003) See *Ex Parte Cranman* 792 So. 2d 392, 397 (Ala. 2000). Defendant has offered no evidence to refute the allegations of Plaintiffs complaint that Defendant City of Florala was negligent in their hiring, training and supervising of Defendant Williams. Reviewing all facts in a light most favorable to Plaintiff, Defendant's motion to dismiss should be denied.

## Conclusion

Considering all facts and evidence in a light most favorable to Plaintiff it is abundantly clear that Plaintiff has stated multiple claims upon which relief may be granted. Additionally, Plaintiff contends that the pleadings and evidence demonstrate that the very conduct [of the Defendant] "lies so obviously at the very core of what the fourth amendment prohibits that the unlawfulness of the [Defendant] conduct was readily apparent" *Vinyard v Wilson* 311 F. 3d 1340, 1355 (11th Cir. 2002).

One cannot imagine that the most vulnerable and most in need of the Governments protections cannot find refuge and redress in the Protections afforded all citizens under the fourth amendment of the Constitution of the United States. Defendants 12 (b)(6) Motion for failure to state a claim should be denied.

Respectfully submitted this the 8th day of April 2008.

                                      /s/ L. Cooper Rutland, jr.
                                      (RUT010) Attorney for Plaintiff

OF COUNSEL:
Rutland Law, L.L.C.
208 Prairie Street North
Post Office Box 551
Union Springs, Alabama 36089
phone: 334-738-4770
fax    : 334-738-4774
lcrj@ustconline.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, I electronically filed the foregoing *Plaintiff's Reply to Defendant City of Florala's Motion to Dismiss amended complaint with the* Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James H. Pike
SHEALY, CRUM & PIKE, P.C.
P.O. BOX 6346
DOTHAN, AL 36302-6346
Tel. (334)-677-3000
fax (334-677-0030
E-mail jpike @scplaw.us

Christopher Neal
1575 South Cotton Street
Andalusia, Al 36420

                                  OF COUNSEL:

                                /s/ L. Cooper Rutland, Jr. (RUT010 )

# EXHIBIT A

| State of Alabama<br>Unified Judicial System | **APPEARANCE BOND** | Case Number |
|---|---|---|
| Form CR-11    Rev. 1/96 | | |

IN THE _____**MUNICIPAL**_____ COURT OF ___Florala___, ALABAMA
(Circuit, District, or Municipal)    (Name of Municipality or County)

☒ STATE OF ALABAMA    ☒ MUNICIPALITY OF _____ ALABAMA

v. __Willis P Miller__, Defendant

I, __Willis P Miller__ (Defendant), as principal,

and I (we) __All who sign__ _____
Please Print

_____, as surety(ies),

agree to pay the State of Alabama (Municipality of __Florala__) the sum of $ __500.00__ (for municipal courts, this sum should not exceed $1,000) and such costs as authorized by law unless I/he/she appear(s) before the above-named court _____ (date) at __Nov 15,07__ .m. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from day to day of each session thereafter until defendant is discharged by law to answer to the charge of __Assault III__, or any other charges as authorized by law.

If the trial is moved to another county/municipality, this undertaking is for the appearance of the defendant from day to day of each session of the court to which the defendant is removed until discharged by law.

We hereby jointly and severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefits of all laws exempting property from any levy and sale under execution or other process for the collection of debt by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemptions that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant __Willis P Miller__ (L.S.)
Address (Print) __1551 Hwy 85 N, Florala__    State __AL__    Zip __32567__

Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)
Social Security Number (Except for Agents) _____
Address (Print) __Thompson/Smith Bail Bonds__    State    Zip
__Andalusia, AL 36420__
Social Security Number (Except for Agents) __334-222-5911__
Address (Print)    State    Zip

Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)
Social Security Number (Except for Agents)
Address (Print)    State    Zip
Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)
Social Security Number (Except for Agents)
Address (Print)    State    Zip

Date __10/13/07__

Approved by: Judge/Magistrate/Sheriff/Law Enforcement Officer _____
By: Deputy Sheriff/Law Enforcement Officer _____

**Defendant's Information**

| Date of Birth __3-11-25__ | Sex __Male__ | Employer |
| Social Security Number | Race __White__ | Employer's Address |
| Driver's License Number    State ( ) | Telephone Number | Employer's Telephone Number |

☐ Property Bond    ☐ Professional Surety Bond    ☐ Cash Bond    Posted by _____

COURT RECORD: Original    DEFENDANT: Copy    SURETY: Copy