IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIS P. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-87 |
| | ) |
| CITY OF FLORALA, ALABAMA, et al., | ) |
| | ) |
| Defendant. | ) |

**CITY OF FLORALA'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

The City of Florala, Alabama, submits this reply to the plaintiff's memorandum in opposition to the City's motion to dismiss the amended complaint.

**STANDARD OF REVIEW**

The City disputes the plaintiff's statement of the standard of review. In its 2007 opinion in Bell Atlantic Corp. v. Twombly, the United States Supreme Court clarified the standard of review for a motion to dismiss for failure to state a claim. 127 S. Ct. 1955 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

1

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.

For purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265 (1986).

The facts alleged by the plaintiff in his amended complaint do not state a claim upon which relief can be granted.

### COUNT I – 4TH AMENDMENT UNREASONABLE FORCE CLAIM

The plaintiff did not address the City's argument that it cannot be held liable under § 1983 for the acts or omissions of Officer Williams within the line and scope of his employment. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978) ("A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); Snow v. City of Citronelle, 420 F.3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior.") Because the doctrine of respondeat superior does not apply to § 1983 claims, the City's motion to dismiss should be granted as to Count I.

### COUNT II – 4TH AMENDMENT FALSE ARREST CLAIM

The plaintiff also did not address the inapplicability of the doctrine of respondeat superior in his response to the City's argument to dismiss Count II. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978) ("A local government may not be sued under § 1983 for an injury inflicted solely by its

2

employees or agents."); Snow v. City of Citronelle, 420 F.3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior.")  Because a municipalities are not vicariously liable for the alleged Fourth Amendment violations of their employees, the City's motion to dismiss should also be granted as to Count II.

### COUNT III – STATE LAW FALSE IMPRISONMENT CLAIM

The plaintiff did not address the City's argument that the arguable probable cause standard applies to the City's invocation of immunity in response to the state law false imprisonment claim.  See Borders v. City of Huntsville, 875 So. 2d 1168, 1179-80 (Ala. 2003) (holding arguable probable cause standard governs immunity defense against state law false imprisonment claim).  The plaintiff also did not address how the concept of arguable probable cause applies to the facts alleged in the amended complaint.[1]

Presumably, the plaintiff intended to incorporate his arguments for Count II (the federal false arrest claim) into his response to the City's motion to dismiss Count III (the state law false imprisonment claim).  However, the

---

[1]     The plaintiff's comment about the City's decision not to address the offense actually charged (Assault Third Degree) was inappropriate. (See Doc. 32 at 5 ("Defendant knowing they [sic] have no argument regarding Plaintiffs [sic] false arrest has decided to throw everything against the wall and see what sticks.").)

For purposes of a motion to dismiss, the City was required to limit its arguments to the facts pled in the amended complaint.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

To be sure, the Court and the parties would have been in a better position to address the plaintiff's claims if the amended complaint had not omitted material facts, such as the existence of an outstanding warrant for the plaintiff at the time of his arrest and the plaintiff's own admission to the independent ABI investigator that he actually swung his cane at Mr. Inabinett. (The plaintiff's daughter and son-in-law corroborated the latter in their statements to the ABI investigator.)

3

plaintiff's discussion of Count II did not address the arguable probable cause standard.

"Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could – not necessarily would – have believed that probable cause was present." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).

"Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Hunter v. Bryant, 502 U.S. 224, 227 (1991).

Probable cause is an objective concept. See State v. Montgomery, 968 So. 2d 543, 548 (Ala. Crim. App. 2006) (holding probable cause is measured against an objective standard). It need not relate to the offense actually charged.

"When an officer makes an arrest, which is supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest." United States v. Saunders, 476 F.2d 5, 7 (5th Cir. 1973). "The validity of an arrest does not turn on the offense announced by the officer at the time of arrest." Bailey v. Board of County Comm'rs of Alachua County, 956 F.2d 1112, 1119 n.4 (11th Cir. 1992).

Alabama courts share the federal view. "When considering whether an arrest is valid, a police officer's subjective intent is immaterial; the only requisite is that at the time the arrest is made, the police officer have probable

4

cause." Carruth v. Barker, 454 So. 2d 539, 540 (Ala. 1984); see also Cox v. State, 489 So. 2d 612, 621 (Ala. Crim. App. 1985) ("Probable cause to arrest is measured against an objective standard and, if the standard is met, it is unnecessary that the officer subjectively believe that he has a basis for the arrest.").

The plaintiff's arguments about the offenses of Harassment, Menacing and Disorderly Conduct miss the mark. To survive a motion to dismiss based on the arguable probable cause standard, the plaintiff was required to plead facts which "demonstrate that no reasonable officer could have found probable cause under the totality of the circumstances." Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004).

Whether the plaintiff, or even the Court, disagrees with Officer Williams's ultimate conclusion about probable cause is not dispositive. The arguable probable cause standard is satisfied so long as "officers of reasonable competence in the same circumstances and with the same knowledge would disagree as to whether probable cause existed." Borders v. City of Huntsville, 875 So. 2d 1168, 1179 (Ala. 2003).

It is undisputed that the plaintiff approached Jackie Inabinett, raised his cane in the air, and cursed Jackie Inabinett in anger. (See Am. Compl. at 2, ¶ 6.) These are just the sort of hostile and threatening actions that are likely to provoke a violent response.

Even under the plaintiff's version of the facts, Officer Williams had arguable probable cause to arrest the plaintiff for Harassment, Menacing, and

5

Disorderly Conduct. Because Officer Williams is entitled to immunity under Code of Alabama section 6-5-338(a), the City is also entitled to immunity under section 6-5-338(b).

For these reasons, the City's motion to dismiss should be granted as to Count III.

### COUNT IV – STATE LAW ASSAULT AND BATTERY

The plaintiff did not cite any legal authority in opposition to the City's arguments to dismiss the state law assault and battery claim in Count IV. The plaintiff has waived its argument and abandoned that claim. See Flanigan's Enters., Inc. v. Fulton County, Ga., 242 F.3d 976, 987 n.16 (11th Cir. 2001); Ladner v. Litespeed Mfg. Co., 537 F. Supp.2d 1206, 1217 (N.D. Ala. 2008); Haney v. Eaton Elec., Inc., 528 F. Supp. 2d 1262, 1270 (N.D. Ala. 2007).

Because the plaintiff did not contest the City's invocation of immunity in response to the plaintiff's state law assault and battery claim, the City's motion to dismiss should be granted as to Count IV. See Thurmond v. City of Huntsville, 904 So. 2d 314, 326 (Ala. Civ. App. 2004) ("we conclude that the ... officers were engaged in the exercise of a discretionary function .. when they made the judgment call on how much force to use and under what circumstances to use it").

### COUNT V – FEDERAL FAILURE TO INTERVENE CLAIM

As with Counts I and II, the plaintiff did not address the City's argument that respondeat superior liability does not apply to § 1983 claims. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978) ("A local government

6

may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); Snow v. City of Citronelle, 420 F.3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior.")  Because Count V does not state a claim against the City, the City's motion to dismiss should be granted as to Count V.[2]

### COUNT VI – STATE LAW NEGLIGENT HIRING, TRAINING AND SUPERVISION CLAIM

In its response to the City's arguments about Count VI, the plaintiff misapprehended the law governing claims that allege negligent hiring, training and supervision.

A claim for negligent hiring, training or supervision is a direct claim against an employer.  Such a claim will not lie against a municipal employer, because municipalities can only be liable on direct claims in the context of failure to remedy defects on public streets and buildings.  See Ala. Code § 11-47-190 (1975); see also City of Crossville v. Haynes, 925 So. 2d 944, 956 (Ala. 2005) ("Hayne was not entitled to assert a 'direct' claim against the City of Crossville under § 11-47-190.").

The City cited several cases on this point in its original memorandum.  The Alabama Supreme Court's controlling case is City of Crossville v. Haynes, 925 So.2d 944 (Ala. 2005).  Pages 955 to 956 address this point specifically.

---

[2]    At the bottom of Page 10 and the top of Page 11 of his memorandum, the plaintiff again cited his declaration and the attached exhibits.  (See Doc. 15.)  For the reasons stated in the City's original objection and motion to strike, (see Doc. 16), the City again objects to these materials and moves to strike them.

7

For the reasons articulated by the Alabama Supreme Court in <u>City of Crossville</u>, the City's motion to dismiss should be granted as to Count VI.

### III.  CONCLUSION

For the foregoing reasons, City of Florala respectfully moves to dismiss all claims against it with prejudice.

                              **s/ James H. Pike**
                              Attorney for Defendant
                              The City of Florala, Alabama

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

### CERTIFICATE OF SERVICE

I, James H. Pike, certify that on April 29, 2008, I electronically served this document upon:

    L. Cooper Rutland, Jr.
    RUTLAND LAW, LLC
    P.O. Box 551
    Union Springs, Alabama  36089

                              **s/ James H. Pike**
                              James H. Pike