IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIS P. MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:08-cv-87-MEF |
| | ) | |
| THE CITY OF FLORALA, | ) | |
| PERRY WILLIAMS and | ) | |
| CHRISTOPHER NEAL | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANT CHRISTOPHER NEAL'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Willis P. Miller, by and through his undersigned counsel and offers this memorandum in support of Plaintiffs opposition to Defendant, Christopher Neal's, Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) FRCP qualified and state-agent immunity, to wit:

### OVERVIEW

Plaintiff, Willis P. Miller, initially filed suit against the City of Florala and Perry Williams alleging violations of his 4th amendment right to be free of unlawful searches and seizures (Count I) False Arrest (Count II) and Negligence (Count III). Plaintiff later amended his Complaint to include Defendant, Christopher Neal, and expand his claims to include False imprisonment (Count III) Assault and Battery (Count IV) Failure to Intervene (Count V) and Negligence Hiring, Training and Supervision (Count VI). Plaintiff was injured by Defendant Williams while Defendant Neal stood by and watched. Defendants' use of force against Plaintiff was excessive, malicious and

completely unreasonable based on the situation the Officers faced at the time of this assault. Plaintiff

has made proper service of both individual Defendants, Perry Williams and Christopher Neal.

Defendants thereafter filed their Motion to Dismiss the amended Complaint.

## STANDARD OF REVIEW

"A Rule 12(b)(6) motion, tests the legal sufficiency of the complaint. A complaint should not

be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Day v Taylor* 400 F. 3d

1272, 1275 (11th Cir. 2005) "The court must accept all factual allegations as true and view them in

a light most favorable to the Plaintiff."*Johnson v City of Clayton,* 2005 WL 1618556 (M.D. Ala.)

citing *Hishon v King and Spalding* 467 U.S. 69,73,104 S. ct. 2229, 81 L. Ed. 2d 59 (1984) "A

motion to dismiss may be granted only when the defendant demonstrates beyond doubt that the

Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Chepstow Ltd. v Hunt* 381 F. 3d 1077, 1080 (11th Cir. 2004) "The threshold is "exceeding low" for

a complaint to survive a motion to dismiss for failure to state a claim" *Henderson v Inabinett* 2006

WL 1132979 (M.D.Ala.) citing *Ancata v Prison Heath Services Inc.* 769 F. 2d 700, 703 (11th Cir.

1985).

## COUNT I

## EXCESSIVE FORCE

Plaintiff's Count I to the 1st Amended Complaint included all paragraphs of the complaint

(see Paragraph 12 to Amended Complaint). As part of Plaintiff's factual allegations, Plaintiff alleged

that Officer Neal was standing between Jackie Inabinett and the Plaintiff (see Paragraph 6 Amended

Complaint). Plaintiff further alleged that while Officer Williams was assaulting Plaintiff, both his

2

daughter and son-in-law were begging Williams to not be so rough with Plaintiff that he was scheduled for heart surgery (see Paragraph 7 Amended Complaint). Plaintiff further alleged that Defendant Williams placed handcuffs so tightly on Plaintiff that he suffered severe lacerations to his wrists and arms (see Paragraph 7 Amended Complaint). Plaintiff further alleged that while injured and bleeding Defendant Williams ordered Defendant Neal to drive an injured and bleeding Plaintiff 20 miles away to another city to be booked for an assault that never took place (see Paragraph 7 Amended Complaint). Plaintiff further alleged that Defendant Neal was present and failed to intervene to prevent the use of unnecessary force on Plaintiff (see Paragraph 9 Amended Complaint).

Count I is sufficient to place Defendant Neal on notice that his conduct contributed directly to the excessive force exerted upon Plaintiff. Defendant Neal's failure to remove Plaintiff from the handcuffs that were severely injuring him was a direct continuation of the excessive force that Defendant Williams used against Plaintiff. Simply because Plaintiff did not recite all the allegations made in the complaint again does not mean that no claims under Count I are being leveled against Officer Neal. Officer Neal's conduct in not attending to Plaintiff's injuries are actionable under §1983. "An Officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his non-feasance." *Fundiller v City of Cooper City* 777 F.2d 1436 C.A. 11 (Fla.) 1985 (where Defendant was dragged by officers from car and handcuffed while visibly injured and in pain.) Defendant Neal watched as Defendant Williams injured Plaintiff by throwing him to the ground and lacerated Plaintiff's wrists and arms with the handcuffs. Defendant Neal instead of calling paramedics to the scene or taking Plaintiff to the hospital in Florala a few blocks away, he left the handcuffs cutting into Plaintiff's wrists, places him in the back seat of a patrol car, covered in blood, and drives him 20 miles away to book him for

an assault that never took place. (see Paragraph 7 Plaintiff's Amended Complaint)[1] "Denial of prompt and proper medical care to a pretrial detainee violates the detainee's due process rights." *Thomas v Town of Davie* 847 F2d 771 (11th Cir 1988) Defendant Neal and Williams' deliberate indifference to Plaintiff's injuries give rise to a claim under §1983. "Deliberate indifference to serious medical needs may be shown by failure to provide prompt attention to these needs by delaying necessary medical treatment for non-medical reasons or by 'proving a policy of deficiencies in staffing or procedures' such that the [pretrial detainee] is effectively denied access to adequate medical care." *Anderson v City of Atlanta* 778 F.2d 678, 686 (11th Cir 1985) Plaintiff alleged in the Amended Complaint that Defendant Williams stated "he did not give a damn how old Plaintiff was" and that he had lacerated Plaintiff's wrist while using excessive force placing Plaintiff under arrest. (see Paragraph 7 Amended Complaint) Plaintiff begged Defendants to loosen the cuffs, he was bleeding. Defendants ignored Plaintiff and Plaintiff's families pleas to not injure Plaintiff. Defendants' conduct evidences a deliberate indifference to the Plaintiff's injuries and is, therefore, actionable under §1983.

## QUALIFIED IMMUNITY

Defendant Neal claims qualified immunity against Plaintiff's 4th Amendment claims in Count I of the Amended Complaint.

> "Qualified immunity offers complete protection for governmental officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vineyard v Wilson* 311 F.3d 1340, 1346 (11th Cir 2002)

---

[1] Though Count V (Failure to Intervene) goes directly to Officer Neal's failure to stop Defendant from assaulting Plaintiff, Defendant's conduct after Plaintiff was placed in the patrol car goes more to Count I of the Amended Complaint.

Under the burden shifting approach "once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that qualified immunity is not appropriate." *Lee v Ferraro* 284 F.3d 1188 (11th Cir 2002)

"The threshold inquiry, a court must undertake in a qualified immunity analysis is whether [the] Plaintiff's allegations, if true, establish a Constitutional violation." *Hope v Pelzer* 536 U.S. 730, 736 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) "If a Constitutional right would have been violated under the Plaintiff's version of the facts, the next sequential step is to ask whether the right was clearly established." *Vineyard* 311 F.3d at 1346 quoting *Saucier* 533 U.S. 201 (2001) "First the Court must consider in a light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a Constitutional right?" *Reese v Herbert* 2006 WL 1892026 (N.D. Ga.) 2006 "If the facts disclosed a Constitutional violation, the Court must ask whether at the time the violation occurred every objectively reasonable police officer would have realized the acts violated already clearly established Federal Law." *Garrett v Athens-Clarke Co* 378 F.3d 1274 (11th Cir 2004)

Plaintiff has alleged and Defendants have offered no evidence to the contrary that Plaintiff was severely injured by Defendants Williams and Neal and that Defendants ignored the pleas of Plaintiff and Plaintiff's family to release him from the handcuffs that he was injured, bleeding and hurting. This deliberate indifference standard to claims of proper medical care is well established. See *Aldridge v Montgomery* 753 F.2d 970 (11th Cir 1985) *Thomas v Town of Davie* 847 F.2d 771 (11th Cir 1988) *Ancata v Prison Health Services, Inc.* 769 F.2d 700 (11th Cir 1985)

"To satisfy the subjective element of deliberate indifference to a Plaintiff's serious medical needs, a Plaintiff must prove three things (1) subjective knowledge of a risk of serious medical need;

(2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Brown v Johnson* 707 F.3d 1344, 1351 (11th Cir 2004) Defendants inflicted the injuries on Plaintiff and were told by Plaintiff and Plaintiff's family he was injured and bleeding. Substantial risk can be inferred from the obviousness of the injury. See *Farmer v Brennan* 511 U.S. 25 (1994) Defendants left Plaintiff handcuffed behind his back, placed him in a patrol car, and carried him to another city 20 miles away. The Sheriff took photographs of his injuries and did not provide medical treatment to Plaintiff while booking him for a crime he did not commit. Plaintiff had to wait for his family to post bail. His family carried him to the hospital for help. Plaintiff needs no other evidence to establish deliberate indifference. Defendants did not call paramedics to the scene, un-cuff or re-cuff an elderly man who offered no resistance or carry him to the local hospital a few blocks away.

Where the facts as alleged by Plaintiff establish a constitutional violation, the Defendant will not be protected by qualified immunity.

<u>**COUNT II**</u>

<u>**FALSE ARREST**</u>

Defendant Neal claims that the complaint does not make any allegations against him regarding the false arrest. However, the Amended Complaint places Officer Neal at the scene while Defendant Williams assaulted Plaintiff and then Defendant Neal takes custody of Plaintiff and delivers him to another city for booking (see Amended Complaint Paragraph 6,7,8,9). Defendant Neal observed Plaintiff's conduct in expressing his feelings toward Mr. Inabinett, "damn you Jackie, I'm tired of you messing with me and my family." Defendant Neal witnessed Defendant Williams take Plaintiff's cane away from him before throwing him to the ground. Defendant Neal was well aware at the time Defendant Williams placed Plaintiff under arrest he had no probable cause to arrest

Plaintiff. Defendants' actions in transporting Plaintiff to another city for booking after observing an unlawful arrest are part and parcel of the claim.

## QUALIFIED IMMUNITY

If Defendant Neal cannot show probable cause for the arrest of Plaintiff, then his participation therein will not be covered by Qualified Immunity. "A warrantless arrest without probable cause violates the Constitution and forms the basis for a §1983 claim." *Marx v Gumbimer* 905 F.2d (11th Cir 1990)

Defendant argues they had probable cause to arrest Plaintiff. " In making the determination as to whether probable cause exists for a warrantless arrest. We must examine the totality of the circumstances surrounding the arrest". *Sockwell v State* 675 So. 2d 4, 13 (Ala. Crim. App. 1993) Probable cause exists where "the facts and circumstances within [the arresting officers] knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in his belief that an offense has been or is being committed." *Washington v State* 922 So. 2d 145 (Ala. Crim. App. 2005) "Put another way probable cause is knowledge of circumstances that would lead a reasonable person of ordinary caution, acting impartially, to believe the person arrested is guilty." *Washington v State* citing *Sockwell* at 13. Defendant offers several offenses for which they contend Defendant Williams had probable cause to arrest Plaintiff.

A.    **Assault**

Plaintiff was booked into the county jail under the charge of Assault III (See Ex. A Bond Receipt)

§ 13A-6-22 *Code Ala.* 1975 defines Assault III as;

(a) A person commits the crime of assault in the third degree if:

7

(1)    With intent to cause physical injury to another person, he causes physical injury to any person; or

(2)    He recklessly causes physical injury to another person or ;

(3)    With criminal negligence he causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(4)    With intent to prevent a peace officer from performing a lawful duty he causes physical injury to any person;

Defendant has offered no evidence that Plaintiff caused physical injury to anyone present the day he was attacked by Defendant Williams while Defendant Neal stood by and watched. No probable cause therefore existed to believe that an assault had taken place and Plaintiffs arrest, booking and making of bail on a charge of assault III was false. Defendant knowing they have no argument regarding Plaintiffs false arrest has decided to throw everything against the wall and see what sticks.

B.    <u>Harassment</u>

§ 13A-11-8 *Code Ala*. 1975 defines harassment in pertiant part

(a)(1)    Harassment- A person commits the crime of harassment if , with intent to harass, annoy or alarm another person, he;

(a)    strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact

(b)    Directs abusive or obscene language or makes an obscene gesture toward another person.

(2).    For purposes of this section, harassment shall include a threat verbal or non verbal,

8

made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety.

Mr. Miller the Plaintiff admits in his amended complaint that as he slowly approach Mr. Inabinett while two police officers were present (one directly between the two men) made a statement addressed to Mr. Inabinett, using the word damn a single time[2] that he was tired of him messing with his family, while raising his walking cane in the air. (Plaintiff amended complaint paragraph 6) The question then is would a reasonable person faced with these facts believe a crime (in this case harassment) was being committed? No threat was leveled during this retort. Plaintiff simply made a statement of his displeasure of past treatment of his family by Mr. Inabinett. Defendant has offered no evidence that Inabinett was fearful of his safety. To the contrary when confronted with an octogenarian while in the company of two armed police officers the Plaintiff doubts any person would fear for their safety. In addition, the Defendants relieved Plaintiff of his cane thus rendering even that alleged threat moot. (Plaintiff amended complaint paragraph 6) Why then would a reasonable person faced with an unarmed 83 year old believe he was guilty of harassment. He would not. Taken in a light most favorable to Plaintiff Defendant would have no probable cause to arrest Plaintiff for harassment. Therefore plaintiffs claim of false arrest is proper.

C.    **Menacing**

§ 13A-6-23 *Code of Ala.* 1975 defines menacing as;

(a)    A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical

---

[2]Defendants describe the Plaintiff use of the word damn as abusive and obscene. See Robinson v State 615 So 2d 112 "Defendant" did not commit offense of harassment in officers presents where he yelled "fuck" before shouting officers name."

injury[3].

It strains credulity to believe that defendant had arguable probable cause to arrest Plaintiff for menacing. To say that an 83 year old heart patient with a walking stick in the presence of two young well armed policeman could place anyone in fear of serious physical injury is beyond the pale. Taken in a light most favorable to the Plaintiff, Defendant's Motion to Dismiss should be denied.

D.    **Disorderly Conduct**

§ 13A-11-7 *Code Ala.* 1975 defines Disorderly Conduct as;

(a)    A person commits the crime of disorderly conduct if with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he;

(1)    Engages in fighting or in violent tumultuous or threatening behavior; or

(2)    Makes unreasonable noise; or

(3)    In a public place uses "abusive or obscene language"[4] or makes an obscene gesture, or

(4)    Without lawful authority disturb any lawful assembly or meeting of persons; or

(5)    Obstructs vehicular or pedestrian traffic, or a transportation facility; or

(6)    Congregates with other person in a public place and refuses to comply with a lawful order of the police to disperse.

---

[3]Alabama law defines serious physical injury as "Physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ § 13A-1-2 Code Ala. 1975.

[4]"The "abusive or obscene language" provision is very narrow and applies only to fighting words". *Mosely v City of Auburn* 428 So 2d 165 (Ala. Crim. App. 1982).

Defendants claim Plaintiff initiated a confrontation but the amended complaint clearly states he intended to confront Mr. Inabinentt about his past treatment of Plaintiffs family. Plaintiff use of the word or phrase "damn you" can hardly be considered as fighting words. See *R.I.T. v State* 675 So. 2d 97 (Ala. Crim. App. 1995) where a "Juvenile told police officer "fuck you" did not amount to fighting words and could not be adjudicated delinquent based on a finding of disorderly conduct". There is nothing in the law that says two people cannot have a discussion on a public street. No reasonable policeman in the same position would have believed that Mr. Millers conduct was criminal. Taken in a light most favorable to the Plaintiff, Defendants motion to dismiss should be denied.

The facts surrounding Plaintiffs arrest as alleged when taken in a light most favorable to Plaintiff do not support defendants claim of arguable probable cause. If the court finds that Plaintiffs claims for false arrest are due to be dismissed then Plaintiff would argue that Plaintiff was the victim of excessive force during a lawful stop and Defendants use of force was excessive based on the fourth amendments reasonableness standard set fourth in *Graham v Connor* 490 U.S. 385, 395 (1989)

## COUNT III

### FALSE IMPRISONMENT

"False imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty" § 6-5-170 *Ala. Code* 1975 "Thus a wrongful arrest will also support a claim for false imprisonment." *Upshaw v McArdle* 650 So. 2d 875 (Ala. 1994) If Plaintiff's false arrest claim is valid then that would logically follow that defendant had no right to detain Plaintiff by handcuffing him and carrying him 20 miles away to be

11

booked in another City.(Plaintiffs amended complaint Paragraph 7). Defendant has offered no evidence to refute the allegation of the complaint and when taken in a light most favorable to Plaintiff,  Defendant's motion to dismiss should be denied.

If Defendant Neal cannot show that Plaintiff's arrest was lawful and with probable cause, then his false imprisonment of Plaintiff is unlawful and Qualified Immunity will not apply.

**COUNT IV**

**ASSAULT AND BATTERY**

Plaintiff's claims for assault and battery are directed at Defendant Williams not Defendant Neal.

**COUNT V**

**FAILURE TO INTERVENE**

Defendant Neal asserts Qualified Immunity to Plaintiff's well pled claim of failing to intervene.

Defendant Neal correctly states the clearly established law "that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his non-feasance." quoting *Fundiller v City of Cooper City*

Defendant Neal would offer *McCormick v City of Ft. Lauderdale* as authority that deadly force was justified against a suspect who threatened an officer with a walking stick.

The only factual similarity between McCormick and this case is a walking stick.

In *McCormick*, police were called to a laundry mat where a man had hurt a woman and assaulted her with his cane.  Police upon arrival saw a woman bleeding profusely from her head.

12

Police knew McCormick had psychological problems and would react dangerously due to a prior incident. McCormick refused several verbal commands to drop his stick before being pepper sprayed.

After trying to disarm McCormick unsuccessfully, McCormick turned and advanced on the police waving the stick over his head at the policeman.

It was at that point that the policeman shot McCormick.

In the present litigation, Plaintiff raised his cane in the air and told Jackie Inabinett in the presence of two police officers, his daughter and son-in-law while the police stood between the two men "damn you Jackie, I'm tired of you messing with me and my family."

Officer Williams took Plaintiff's cane away from Plaintiff without anyone being struck or threatened. It is at this point where any reasonable officer in the same position would have ended this confrontation. Instead Officer Williams, while Defendant Neal is standing only feet away, proceeds to brutalize Willis Miller for the benefit of his friend Jackie Inabinett. Both officers were well aware of Mr. Inabinett's relationship to the Florala Police Department.[5] *McCormick v City of Ft. Lauderdale* is not even remotely close to establish existing case law that would justify the assault of Mr. Miller by the Defendants. In *Smith v Mattox* 127 F.3d 1416, (1997) the district court denied officers' motion for summary judgment on qualified immunity where the Plaintiff, Anthony Lee Smith, while standing in his mother's front yard raised a baseball bat in a threatening posture at Officer Mattox. Mattox pulled his gun and ordered Smith to drop the bat which Smith did not. Smith when ordered again dropped the bat and ran. Mattox apprehended Smith and while Smith

---

[5]Mr. Inabinett's brother, Walter, and nephew, Chris Inabinett, are officers with the Florala Police Department.

offered no resistance, broke Smith's arm while handcuffing him.  Like Smith, Plaintiff, Willis Miller, after being physically disarmed offered no resistance and litterally begged, as did his family, for the Defendant to not be so rough with him.  The Court concluded that breaking someone's arm after the arrestee had become compliant was a 4th Amendment violation.  Plaintiff, bruised battered and lascerated body is no less serious than a broken bone.[6]  Regardless, if the Court cannot accept either Plaintiff or Defendants' prior case law, the Plaintiff can show the Court that "Defendants' conduct is so far beyond the hazy border between excessive and acceptable force that Defendants had to know they were violating the Constitutional rights even without case law on point." *Harlow v Fitzgerald* 457 U.S. 800 818, 102 S. Ct. 2727, 2738, 73L. Ed 2d 396 (1982) "The hazy border between permissible and forbidden force is marked by a multi-factored case-by-case balancing test. The test requires weighing of all the circumstances, such as "the severity of the crime at issue." Whether the suspect poses an immediate threat to the safety of the officers or others and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v Connor* 490 U.S. 386, 316 109 S.Ct 1865, 1872, 104 L.Ed2d 443 (1989)

In *Smith v Mattox*, the Court considered that the officer could have reasonably believed Smith was a threat.  Even with that finding the Court concluded Mattox was not entitled to Qualified Immunity.  Officer Neal was present and knew that Officer Williams' treatment of Plaintiff was excessive.  Plaintiff committed no crime unless you accept Defendants' position that a misdemeanor offense was committed.   He offered no resistance and did not attempt to flee arrest.  This, on top

---

[6]In *Gold v City of Miami* 121 F.3d 1442, (1997) the Plaintiff sued because the handcuffs were applied to tightly.  The panel concluded because Gold suffered only skin abrasions and pain for twenty minutes and no medical care was needed his arrest and treatment did not amount to excessive force.  Clearly, Plaintiff, Miller's injuries were those the panel would have considered to be serious and excessive.

of the fact that he is 83 years old, provided ample evidence that the force Officer Neal witnessed was excessive. His failure to intervene to stop Williams should work to deny his claim of Qualified Immunity.

**COUNT VI**

**NEGLIGENT HIRING, TRAINING AND SUPERVISION**

This Count is directed at Defendant City of Florala not Defendants Neal or Williams.

**CONCLUSION**

Taken in a light most favorable to Plaintiff, Defendant Neal's motion to dismiss should be denied. Plaintiff has offered several cases that establish 4th Amendment protection from Defendants' excessive force, false arrest, imprisonment and failure to intervene. Whether there was probable cause or not to arrest Plaintiff, Defendants actions afterward are actionable under §1983. Regardless of whether there are cases from the 11th Circuit that set out a standard for law enforcement, this case should be covered by the provisions of the 4th Amendment because no officer faced with these facts would react the way Officers Williams and Neal did when faced with an upset 83 year old man with a walking stick.

Defendant Neal's Motion to Dismiss under Rule 12(b)(6) and Qualified Immunity should be denied.

/s/ L. Cooper Rutland, Jr.
(RUT010) Attorney for Plaintiff

OF COUNSEL:
Rutland Law, L.L.C.
208 Prairie Street North
Post Office Box 551
Union Springs, Alabama 36089
phone: 334-738-4770
fax    : 334-738-4774
lcrj@ustconline.net

## CERTIFICATE OF SERVICE

I hereby certify that on the __9th__ day of __May__ 2008, I electronically filed the foregoing *Plaintiff's Reply to Defendant Christopher Neal's Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Honorable James H. Pike
SHEALY, CRUM & PIKE, P.C.
P.O. BOX 6346
DOTHAN, AL 36302-6346
E-mail jpike @scplaw.us

and notification to the following by placing a copy of the foregoing in the United States Mail, postage prepaid and properly addressed this the __9th__ day of __May__ 2008.

Mr. Perry Williams
21220 Rappanhanock Avenue
Lockhart, Alabama 36455

                                   /s/ L. Cooper Rutland, Jr.
                                        Of Counsel