IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIS P. MILLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:08-cv-87 |
| | ) |
| CITY OF FLORALA, ALABAMA, et al., | ) |
| | ) |
|     Defendant. | ) |

### REPLY TO PLAINTIFF'S RESPONSE TO CHRISTOPHER NEAL'S MOTION TO DISMISS

Christopher Neal submits this reply to the plaintiff's response to his motion to dismiss.

### STANDARD OF REVIEW

Christopher Neal disputes the plaintiff's statement of the standard of review. In its 2007 opinion in Bell Atlantic Corp. v. Twombly, the United States Supreme Court clarified the standard of review for a motion to dismiss for failure to state a claim. 127 S. Ct. 1955 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

1

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.

For purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265 (1986).

The facts alleged by the plaintiff in his amended complaint do not state a claim upon which relief can be granted. They do not allege a violation of clearly established law.

### COUNT ONE: THE EXCESSIVE FORCE CLAIM

The plaintiff's response tries to convert Count One from an Fourth Amendment excessive force claim into a Fourteenth Amendment deliberate indifference claim. That is improper.

The text of Count One could not be clearer: "*Defendant Williams* while operating in the line and scope of his employment with Defendant City of Florala did use *excessive force* when affecting [sic] an unlawful arrest of plaintiff." (Doc. 11 at 7, ¶ 13 (emphasis added).)[1]

> A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity. To do so is to ignore both the heightened pleading standard for § 1983 claims that is the law of this circuit and the Supreme Court's call for 'firm application of the Federal Rules of Civil Procedure' in cases where qualified immunity is asserted.

---

[1] The plaintiff's attempt to invoke all preceding paragraphs of the complaint to override the specific allegations of Count One is also improper. (See Doc. 43 at 2.) A court cannot infer claims that are not pled. See GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("the district court went beyond the permissible boundaries of Fed. R. Civ. P. 8, in effect supplying GJR with an equal protection claim when none was evident on the face of the complaint").

GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (quoting Butz v. Economou, 438 U.S. 478, 508 (1978)).

Count One does not allege a violation of clearly established law by Christopher Neal. Therefore, he is entitled to qualified immunity. See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) ("The motion to dismiss will be granted if the complaint fails to allege the violation of a clearly established constitutional right.").

### COUNT TWO: THE FALSE ARREST CLAIM

The plaintiff incorrectly states the law of qualified immunity for a false arrest claim. On page 7, the plaintiff writes, "If Defendant Neal cannot show probable cause for the arrest of Plaintiff, then his participation therein will not be covered by Qualified Immunity." (Doc. 43 at 7.) That's not true.

The burden to overcome qualified immunity falls upon the *plaintiff*, and the applicable standard is *arguable* probable cause. See McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. Apr. 11, 2007) ("If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff."); Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004) ("Officers who make an arrest without probable cause are entitled to qualified immunity if there was arguable probable cause for the arrest.").

As a threshold issue, the amended complaint does not specifically allege that Christopher Neal arrested the plaintiff. In paragraph 8, the amended

complaint states, "*Defendant Williams* had no probable cause to arrest Plaintiff and *his* doing so was false." (Doc. 11 at 3, ¶ 8 (emphasis added).)[2]

There is no allegation of an arrest by Christopher Neal, and it would not be proper to infer one. See GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity.").

The balance of the plaintiff's response consists of jury arguments in defense of the plaintiff's criminal behavior. That won't cut it.

"Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). "The burden of showing that an officer violated clearly established law falls on the plaintiff, and a plaintiff's citation of general rules or abstract rights is insufficient to strip a § 1983 defendant of his qualified immunity." Jackson v. Sauls, 206 F.3d 1156, 1165 (11th Cir. 2000).

"Qualified immunity is a sharply focused, situation bound analysis." Crosby v. Paulk, 187 F.3d 1339, 1345 (11th Cir. 1999). "This inquiry, it is vital

---

[2] The amended complaint uses the generic term "defendants" in paragraph 17, but this paragraph was simply copied from paragraph 14 of the original complaint. The original complaint also used the generic term "defendants," although it only named one officer as a defendant. (See Doc. 1 at 4, ¶ 14.) The amended complaint's indiscriminate use of that term continues in paragraphs 18 and 20. (See Doc. 11, at 5, ¶¶ 18, 20.) Paragraph 8, however, specifies that Officer Williams made the arrest. (See Doc. 11 at 3, ¶ 8.) "Under current Eleventh Circuit law, the plaintiff pursuing a § 1983 claim must come forward with specific facts, concerning each defendant, indicating that each defendant has not only violated a constitutional right, but a clearly established one." Edwards v. Alabama Dep't of Corr., 81 F. Supp.2d 1242, 1253 (M.D. Ala. 2000) (Thompson, J.).

4

to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201 (2001).

"For the law to be 'clearly established,' case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir. 2000).

"Government officials are not required to err on the side of caution." Marsh v. Butler County, 268 F.3d 1014, 1031 (11th Cir. 2001). "In the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "A plaintiff cannot strip a § 1983 defendant of her qualified immunity by citing to general rules or abstract rights." Wilson v. Strong, 156 F.3d 1131, 1134 (11th Cir. 1998). "General rules, propositions, or abstractions, such as acting with probable cause, do not determine qualified immunity." Crosby v. Paulk, 187 F.3d 1339, 1345 (11th Cir. 1999).

"In this circuit, the law can be clearly established for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Lee v. Ferraro, 284 F.3d 1188, 1197 n.5 (11th Cir. 2002).

The plaintiff has not carried his burden to demonstrate that Christopher Neal violated clearly established law under the facts alleged in the amended complaint. The essence of the plaintiff's argument is that his threat should not have been taken seriously because his odds of success were slim. The plaintiff

does not deny that he intentionally started a confrontation with Mr. Inabinett, cursed him, and raised a cane against him in anger.

In qualified immunity terms, the plaintiff had the burden to identify a decision by the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, or the Alabama Supreme Court that holds a police officer lacks arguable probable cause to arrest a man who intentionally initiates a confrontation with another, curses the other, and raises a cane against the other in anger. The plaintiff has not done that.

Christopher Neal is entitled to qualified immunity against Count Two.

### COUNT THREE: THE FALSE IMPRISONMENT CLAIM

The plaintiff's response also misstates the law governing his state law false imprisonment claim. The plaintiff writes, "If Defendant Neal cannot show that Plaintiff's arrest was lawful and with probable cause, then his false imprisonment of Plaintiff is unlawful and Qualified Immunity will not apply." (Doc. 43 at 12.)

The applicable defense is actually *State-agent immunity*. See Ala. Code § 6-5-338(a)( 1975).

The applicable legal standard is actually *arguable probable cause*. See Borders v. City of Huntsville, 875 So.2d 1168, 1180 (Ala. 2003) ("we agree that the standard of arguable probable cause should govern further proceedings in this case"); Greene v. Byrd, 897 So. 2d 1107, 1115 (Ala. Civ. App. 2003) ("Our supreme court has recently adopted the concept of 'arguable probable cause' in

6

cases in which a police officer claims discretionary-function immunity after making a warrantless arrest.").

The burden to overcome Christopher Neal's immunity defense actually falls upon the *plaintiff*. See Moore v. Adams, 754 So. 2d 630, 632 (Ala. 1999) ("the burden shift[s] to the plaintiff to establish that the defendants acted fraudulently, in bad faith, or with malice or willfulness, in order to deny the defendants the immunity from suit otherwise provided them by § 6-5-338)").

The plaintiff has neither pled nor argued that Christopher Neal acted fraudulently, in bad faith, or with malice or willfulness. The plaintiff also has not demonstrated that, under the facts alleged in the amended complaint, there was not *arguable* probable cause to arrest him for Harassment, Disorderly Conduct, and Menacing. See Ala. Code §§ 13A-11-8, 13A-11-7, and 13A-6-23 (1975) respectively.

Because the plaintiff has not met his burden to overcome the State-agent immunity defense, Christopher Neal is entitled to dismissal of Count III.

### COUNT FOUR: THE ASSAULT AND BATTERY CLAIM

The plaintiff concedes the amended complaint does not state a claim against Christopher Neal for assault and battery. (See Doc. 43 at 12.)

### COUNT FIVE: THE FAILURE TO INTERVENE CLAIM

In response to Christopher Neal's qualified immunity defense against Count Five, the plaintiff's relies primarily upon Smith v. Mattox, 127 F.3d 1416 (11th Cir. 1997). The plaintiff falls short.

A careful reading of Smith shows that it actually upholds an officer's right to use force under the circumstances of the amended complaint. The arrestee in Smith had threatened an officer with a baseball bat. See Smith, 127 F.3d at 1418. After a foot pursuit, the arrestee docilely submitted to arrest. Id. The officer then struck a blow that broke the arrestee's arm. Id. ("with a grunt and a blow – but no sign of anger – Mattox broke Smith's arm").

In affirming the officer's authority to use physical force in this situation, the Eleventh Circuit wrote:

> [E]ven if Smith was not actively resisting arrest at the very moment the force was applied, he was before that moment; *Mattox could reasonably have believed that without some force restraining Smith, he would have resumed his attacks or his flight. Thus, it was not unreasonable for Mattox to think that he was entitled to use some force to put Smith into cuffing posture.*

Smith, 127 F.3d at 1419-20 (emphasis added).

The Eleventh Circuit only faulted the officer in Smith because he broke the plaintiff's arm: "But, assuming as we must that Smith was offering no resistance at all, the considerable effort and force inferable from the grunt, *Smith's sensation of a blow*, and the broken arm was obviously unnecessary to restrain even a previously fractious arrestee." Id. at 1420 (emphasis added).

In short, Smith holds that an officer may continue to use physical force against a previously threatening arrestee while securing the arrestee in handcuffs. That is exactly what the amended complaint alleges here.

Paragraphs 6 and 7 of the amended complaint allege that Officer Williams (1) took away the cane, (2) grabbed the plaintiff's arm, (3) slung him to the ground, (4) pushed him into a bench, and (5) handcuffed him – in that

order. (See Doc. 11 at 3, ¶¶ 6-7.) There is no allegation of physical force after handcuffing. The is no allegation of a *blow*, as was the case in Smith. See Smith, 127 F.3d at 1420.

In other words, Officer Williams started using force when the plaintiff raised his walking stick and stopped using force when the plaintiff was in handcuffs. (See Doc. 11 at 3, ¶¶ 6-7.) Apart from the handcuffing, the only actions attributed to Officer Williams were taking the plaintiff to the ground and pushing him against a bench. (See Doc. 11 at 3, ¶ 6.)

These facts are indistinguishable from the long line of Eleventh Circuit opinions that hold such force does not amount to a constitutional violation. See Durruthy v. Pastor, 351 F.3d 1080 (11th Cir. 2003) (kneed in back); Rodriguez v. Farrell, 280 F.3d 1341, 1352 (11th Cir. 2002) (painful handcuffing); Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000) (grabbed, thrown against vehicle, kneed in back, head shoved against van); Jones v. City of Dothan, 121 F.3d 1456, 1458 (11th Cir. 1997) (slammed into wall); Gold v. City of Miami, 121 F.3d 1442, 1446 (11th Cir. 1997) (painful handcuffing with injuries); and Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1559-60 (11th Cir. 1993) (pushed against wall).

"In the Eleventh Circuit, we recognize that the typical arrest involves some force and injury." Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002).

"This circuit has made clear that some use of force by a police officer when making a custodial arrest is necessary and altogether lawful, regardless

9

of the severity of the alleged offense." Durruthy v. Pastor, 351 F.3d 1080, 1094 (11th Cir. 2003).

"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 396 (1989).

"Government officials are not required to err on the side of caution." Owens v. Butler County, 268 F.3d 1014, 1030 n.8 (11th Cir. 2001). "All the Constitution requires is that the force used be objectively reasonable, not that it be the absolute minimum necessary." Harrell v. Decatur County, 22 F.3d 1570, 1579 n.1 (11th Cir. 1994) (Dubina J., dissenting), *majority opinion vacated and dissenting opinion adopted*, 41 F.3d 1494 (11th Cir. 1995).

In any event, the plaintiff has not identified any case law that requires a police officer to *intervene* under these circumstances. After all, the amended complaint does not allege that Christopher Neal personally used any force against the plaintiff.

Because the plaintiff has not carried his burden to demonstrate a violation of clearly established law by Christopher Neal, the qualified immunity defense prevails against Count Five.

### COUNT SIX: THE NEGLIGENT HIRING, TRAINING AND SUPERVISION CLAIM

The plaintiff concedes the amended complaint does not state a claim against Christopher Neal for negligent hiring, training or supervision. (See Doc. 43 at 15.)

## CONCLUSION

For the foregoing reasons, Christopher Neal is entitled to qualified immunity against the plaintiff's federal claims in Counts One, Two and Five, and State-agent immunity against the state law claims in Counts Three, Four and Six. Christopher Neal moves to dismiss all claims against him with prejudice.

                **s/ James H. Pike**
                Attorney for Defendant
                Officer Christopher Neal

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on May 16, 2008, I electronically served this document upon:

L. Cooper Rutland, Jr.
RUTLAND LAW, LLC
P.O. Box 551
Union Springs, Alabama  36089

                **s/ James H. Pike**
                James H. Pike