IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIS P. MILLER | ) |
|       Plaintiff, | ) |
| vs. | )    CASE NO. 2:08-cv-87-MEF |
| THE CITY OF FLORALA,<br>PERRY WILLIAMS and<br>CHRISTOPHER NEAL | ) |
|       Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HIS OPPOSITION TO DEFENDANT
PERRY WILLIAMS'S MOTION TO DISMISS**

COMES NOW, the Plaintiff, Willis P. Miller, by and through his undersigned counsel and offers this memorandum in support of Plaintiffs opposition to Defendant, Perry William's, Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) FRCP qualified and state-agent immunity, to wit:

**OVERVIEW**

Plaintiff, Willis P. Miller, initially filed suit against the City of Florala and Perry Williams alleging violations of his 4th amendment right to be free of unlawful searches and seizures (Count I) False Arrest (Count II) and Negligence (Count III). Plaintiff later amended his Complaint to include Defendant, Christopher Neal, and expand his claims to include False imprisonment (Count III) Assault and Battery (Count IV) Failure to Intervene (Count V) and Negligence Hiring, Training and Supervision (Count VI). Plaintiff was injured by Defendant Williams while Defendant Neal stood by and watched. Defendants' use of force against Plaintiff was excessive, malicious and

completely unreasonable based on the situation the Officers faced at the time of this assault. Plaintiff has made proper service of both individual Defendants, Perry Williams and Christopher Neal. Defendants thereafter filed their Motion to Dismiss the amended Complaint.

## STANDARD OF REVIEW

"A Rule 12(b)(6) motion, tests the legal sufficiency of the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Day v Taylor* 400 F. 3d 1272, 1275 (11th Cir. 2005) "The court must accept all factual allegations as true and view them in a light most favorable to the Plaintiff."*Johnson v City of Clayton,* 2005 WL 1618556 (M.D. Ala.) citing *Hishon v King and Spalding* 467 U.S. 69,73,104 S. ct. 2229, 81 L. Ed. 2d 59 (1984) "A motion to dismiss may be granted only when the defendant demonstrates beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v Hunt* 381 F. 3d 1077, 1080 (11th Cir. 2004) "The threshold is "exceeding low" for a complaint to survive a motion to dismiss for failure to state a claim" *Henderson v Inabinett* 2006 WL 1132979 (M.D.Ala.) citing *Ancata v Prison Heath Services Inc.* 769 F. 2d 700, 703 (11th Cir. 1985).

## COUNT I

## EXCESSIVE FORCE

Plaintiff's Count I to the 1st Amended Complaint included all paragraphs of the complaint (see Paragraph 12 to Amended Complaint). As part of Plaintiff's factual allegations, Plaintiff alleged that Officer Williams took plaintiff's cane away from him grabbed him by the arm and slung him to the ground. (see Plaintiff 1st Amended Complaint Paragraph 6). Plaintiff further alleged that

2

while Officer Williams was assaulting Plaintiff, both his daughter and son-in-law were begging Williams to not be so rough with Plaintiff that he was scheduled for heart surgery (see Paragraph 7 Amended Complaint). Plaintiff further alleged that Defendant Williams responded that "he didn't give a damn how old he was"(See Amended Complaint paragraph 7). Defendant placed handcuffs so tightly on Plaintiff that he suffered severe lacerations to his wrists and arms (see Paragraph 7 Amended Complaint). Plaintiff begged Officer Williams to loosen the cuffs.(see Paragraph 7 Amended Complaint) Plaintiff further alleged that while injured and bleeding Defendant Williams ordered Defendant Neal to drive an injured and bleeding Plaintiff 20 miles away to another city to be booked for an assault that never took place (see Paragraph 7 Amended Complaint). Plaintiff alleged that Williams conduct was willful, malicious, intentional, excessive and in bad faith. (See Paragraph 8 Amended Complaint)

**Failure to State a Claim under 12(b)(6)**

Count I is sufficient to place Defendant Williams on notice that his conduct in arresting Plaintiff resulted in excessive force being exerted upon Plaintiff. Defendant William's failure to remove Plaintiff from the handcuffs that had severely injured him was a continuation of the excessive force used against Plaintiff. Plaintiff has sufficiently pled facts that would put Defendant Williams on notice that his use of excessive force gives rise to a claim under §1983. Additionally, Officer Williams conduct in not attending to Plaintiff's injuries are actionable under §1983. Defendant Williams injured Plaintiff by throwing him to the ground and lacerated Plaintiff's wrists and arms with the handcuffs. Defendant Williams instead of calling paramedics to the scene or taking Plaintiff to the hospital in Florala a few blocks away, left the handcuffs cutting into Plaintiff's wrists, and ordered Officer Neal to place him in the back seat of a patrol car, covered in blood, and

3

drive him 20 miles away to book him for an assault that never took place. (see Paragraph 7 Plaintiff's Amended Complaint) Plaintiff alleged in the Amended Complaint that Defendant Williams stated "he did not give a damn how old Plaintiff was" and that he had lacerated Plaintiff's wrist while using excessive force placing Plaintiff under arrest. (see Paragraph 7 Amended Complaint) Plaintiff begged Defendants to loosen the cuffs, he was bleeding. Defendants ignored Plaintiff and Plaintiff's families pleas to not injure Plaintiff. Defendants' conduct evidences a deliberate indifference to the Plaintiff's injuries and is, therefore, actionable under §1983.

### QUALIFIED IMMUNITY

Defendant Williams claims he is entitled to qualified immunity on Plaintiffs claims in Count I for excessive force.

> "Qualified immunity offers complete protection for governmental officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vineyard v Wilson* 311 F.3d 1340, 1346 (11th Cir 2002)

Under the burden shifting approach "once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that qualified immunity is not appropriate." *Lee v Ferraro* 284 F.3d 1188 (11th Cir 2002)

"The threshold inquiry, a court must undertake in a qualified immunity analysis is whether [the] Plaintiff's allegations, if true, establish a Constitutional violation." *Hope v Pelzer* 536 U.S. 730, 736 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) "If a Constitutional right would have been violated under the Plaintiff's version of the facts, the next sequential step is to ask whether the right was clearly established." *Vineyard* 311 F.3d at 1346 quoting *Saucier* 533 U.S. 201 (2001) "First the Court must consider in a light most favorable to the party asserting the injury, do the facts alleged

4

show the officer's conduct violated a Constitutional right?" *Reese v Herbert* 2006 WL 1892026 (N.D. Ga.) 2006 "If the facts disclosed a Constitutional violation, the Court must ask whether at the time the violation occurred every objectively reasonable police officer would have realized the acts violated already clearly established Federal Law." *Garrett v Athens-Clarke Co* 378 F.3d 1274 (11th Cir 2004) " The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v Wolfish* 441 U.S. 520 (1979) " Its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" *Tennessee v Garner* 471 U.S. 1, 8, 105 S. ct 1694 85 L. Ed. 2d 1 (1985).

**Excessive Force During the Arrest**

Plaintiff has sufficiently alleged in the facts of his Amended complaint that defendant Williams either, without arguable probable cause, arrested Plaintiff or with probable cause, used excessive force while arresting Plaintiff. Plaintiff has also sufficiently alleged that once in custody and clearly injured Defendant failed to provide medical care to a injured detainee. Defendant offers *Rodriquez v Farrell* as authority that injuring someone when they are handcuffed is not a 4th Amendment violation.

In *Rodriquez* the passenger who had recently had surgery was taken into custody after matching the description of someone in an alias warrant. The plaintiff had taken off an arm sling and **presented no visible indication to the arresting officer that he should not subdue and handcuff the suspect in a normal fashion.** The court concluded that even though the plaintiff lost his arm due to the cuffing maneuver there was no reason for the officer to believe that the cuffing would result

5

in such serious injury.

Contrast that against an officer who is presented with an elderly 83 year old man with a walking cane. The 11th Circuit has clearly stated through its findings in favor of qualified immunity that there are occasions when police have to take some care in the treatment of arrestees.

If *Rodriquez* had kept his arm in a sling and advised the officer of his recent surgery would the 11th Circuit have granted the officer qualified immunity? The plaintiff would argue no. Likewise, Defendant cannot deny that he was dealing with an elderly gentleman who presented no treat to anyone on the street that day. You simply cannot treat old, frail people the way you treat younger healthy people. Defendant wants to cite [as authority for Williams' conduct] cases involving much younger people who either had no injuries from the arrest or minor injuries that required no medical treatment. See *Durruthy v Pastor* (freelance cameraman filming during Miami riots flexcuffs used no injuries), *Nolin v Isbell* (17 year old boys wrestling on cars, injuries disappeared quickly), *Jones v City of Dothan* (pat down stop not handcuffed no injuries), Gold v. City of Miami (attorney suffered no injuries or medical treatment required from cuffing)

Defendant tries to edit plaintiffs complaint by leaving out the section where Defendant Williams places the handcuffs so tightly on Plaintiff that he split his wrists open requiring dozens of stitches.

*Smith v Mattox*[1] is as closely related to this case as the 11th Circuit has come. If the Defendant had the right to arrest based on Plaintiffs conduct that does not give Officer Williams the right to sling Plaintiff to the ground, throw him into a bench, mashing his head against the bench and

---

[1]Plaintiff has previouly argued that *Smith v Mattox* 127 F.3d 1416(11th Cir.1997) is existing case law from the 11th Circuit that supports denial of qualified immunity (See Doc. 43 pg 13.

severely injuring Plaintiff by clamping handcuffs on him so tightly they cut him to the bone. "A claim for excessive force during a legal stop or arrest is a discrete claim " *Jackson v Sauls* 206 F 3d 1156, 1172 (11th Cir. 2000) Plaintiff does not believe defendant had any arguable probable cause to arrest Plaintiff. If the court sees otherwise, Plaintiff still has a valid claim for excessive force.

**Failure to Render Aid after Arrest**

Plaintiff has alleged and Defendants have offered no evidence to the contrary that Plaintiff was severely injured by Defendants Williams and Neal and that Defendants ignored the pleas of Plaintiff and Plaintiff's family to release him from the handcuffs that he was injured, bleeding and hurting. "Denial of prompt and proper medical care to a pretrial detainee violates the detainee's due process rights." *Thomas v Town of Davie* 847 F2d 771 (11th Cir 1988) Defendant Williams' deliberate indifference to Plaintiff's injuries give rise to a claim under §1983. "Deliberate indifference to serious medical needs may be shown by failure to provide prompt attention to these needs by delaying necessary medical treatment for non-medical reasons or by 'proving a policy of deficiencies in staffing or procedures' such that the [pretrial detainee] is effectively denied access to adequate medical care." *Anderson v City of Atlanta* 778 F.2d 678, 686 (11th Cir 1985) This deliberate indifference standard to claims of proper medical care is well established. See *Aldridge v Montgomery* 753 F.2d 970 (11th Cir 1985) *Thomas v Town of Davie* 847 F2d 771 (11th Cir 1988) *Ancata v Prison Health Services, Inc.* 769 F.2d 700 (11th Cir 1985)

"To satisfy the subjective element of deliberate indifference to a Plaintiff's serious medical needs, a Plaintiff must prove three things (1) subjective knowledge of a risk of serious medical need; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Brown v Johnson* 707

7

F.3d 1344, 1351 (11th Cir 2004) Defendants inflicted the injuries on Plaintiff and were told by Plaintiff and Plaintiff's family he was injured and bleeding. Substantial risk can be inferred from the obviousness of the injury. See *Farmer v Brennan* 511 U.S. 25 (1994) Defendants left Plaintiff handcuffed behind his back, placed him in a patrol car, and carried him to another city 20 miles away. The Sheriff took photographs of his injuries and did not provide medical treatment to Plaintiff while booking him for a crime he did not commit. Plaintiff had to wait for his family to post bail. His family carried him to the hospital for help. Plaintiff needs no other evidence to establish deliberate indifference. Defendants did not call paramedics to the scene, un-cuff or re-cuff an elderly man who offered no resistance or carry him to the local hospital a few blocks away.

Where the facts as alleged by Plaintiff establish a constitutional violation, the Defendant will not be protected by qualified immunity. As such, Defendant Williams Motion to Dismiss Count I of the Amended Complaint should be denied.

## COUNT II

## FALSE ARREST

Defendant Williams claims qualified immunity in Plaintiffs Count II

### QUALIFIED IMMUNITY

If Defendant Williams cannot show arguable probable cause for the arrest of Plaintiff, then his participation therein will not be covered by Qualified Immunity. "A warrantless arrest without probable cause violates the Constitution and forms the basis for a §1983 claim." *Marx v Gumbimer* 905 F.2d (11th Cir 1990)

Defendant argues they had probable cause to arrest Plaintiff. " In making the determination as to whether probable cause exists for a warrantless arrest. We must examine the totality of the

circumstances surrounding the arrest". *Sockwell v State* 675 So. 2d 4, 13 (Ala. Crim. App. 1993) Probable cause exists where "the facts and circumstances within [the arresting officers] knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in his belief that an offense has been or is being committed." *Washington v State* 922 So. 2d 145 (Ala. Crim. App. 2005) "Put another way probable cause is knowledge of circumstances that would lead a reasonable person of ordinary caution, acting impartially, to believe the person arrested is guilty." *Washington v State* citing *Sockwell* at 13. Defendant offers several offenses for which they contend Defendant Williams had probable cause to arrest Plaintiff.

A.   **Assault**

Plaintiff was booked into the county jail under the charge of Assault III (See Ex. A Bond Receipt)

§ 13A-6-22 *Code Ala.* 1975 defines Assault III as;

(a) A person commits the crime of assault in the third degree if:

>   (1)   With intent to cause physical injury to another person, he causes physical injury to any person; or
>
>   (2)   He recklessly causes physical injury to another person or ;
>
>   (3)   With criminal negligence he causes physical injury to another person by means of a deadly weapon or dangerous instrument; or
>
>   (4)   With intent to prevent a peace officer from performing a lawful duty he causes physical injury to any person;

Defendant has offered no evidence that Plaintiff caused physical injury to anyone present the day he was attacked by Defendant Williams while Defendant Neal stood by and watched. No

probable cause therefore existed to believe that an assault had taken place and Plaintiffs arrest, booking and making of bail on a charge of assault III was false. Defendant knowing they have no argument regarding Plaintiffs false arrest has decided to throw everything against the wall and see what sticks.

B.   Harassment

§ 13A-11-8 *Code Ala.* 1975 defines harassment in pertiant part

(a)(1)   Harassment- A person commits the crime of harassment if , with intent to harass, annoy or alarm another person, he;

    (a)   strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact

    (b)   Directs abusive or obscene language or makes an obscene gesture toward another person.

(2).   For purposes of this section, harassment shall include a threat verbal or non verbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety.

Mr. Miller the Plaintiff admits in his amended complaint that as he slowly approach Mr. Inabinett while two police officers were present (one directly between the two men) made a statement addressed to Mr. Inabinett, using the word damn a single time[2] that he was tired of him messing with his family, while raising his walking cane in the air. (Plaintiff amended complaint paragraph 6) The question then is would a reasonable person faced with these facts believe a crime

---

[2] Defendants describe the Plaintiff use of the word damn as abusive and obscene. See *Robinson v State* 615 So 2d 112 "Defendant" did not commit offense of harassment in officers presents where he yelled "fuck" before shouting officers name."

10

(in this case harassment) was being committed? No threat was leveled during this retort. Plaintiff simply made a statement of his displeasure of past treatment of his family by Mr. Inabinett. Defendant has offered no evidence that Inabinett was fearful of his safety. To the contrary when confronted with an octogenarian while in the company of two armed police officers the Plaintiff doubts any person would fear for their safety. In addition, the Defendants relieved Plaintiff of his cane thus rendering even that alleged threat moot. (Plaintiff amended complaint paragraph 6) Why then would a reasonable person faced with an unarmed 83 year old believe he was guilty of harassment. He would not. Taken in a light most favorable to Plaintiff Defendant would have no probable cause to arrest Plaintiff for harassment. Therefore plaintiffs claim of false arrest is proper.

C.  **Menacing**

§ 13A-6-23 *Code of Ala.* 1975 defines menacing as;

(a) A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury[3].

It strains credulity to believe that defendant had arguable probable cause to arrest Plaintiff for menacing. To say that an 83 year old heart patient with a walking stick in the presence of two young well armed policeman could place anyone in fear of serious physical injury is beyond the pale. Taken in a light most favorable to the Plaintiff, Defendant's Motion to Dismiss should be denied.

D.  **Disorderly Conduct**

---

[3] Alabama law defines serious physical injury as "Physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ § 13A-1-2 Code Ala. 1975.

11

§ 13A-11-7 *Code Ala.* 1975 defines Disorderly Conduct as;

(a)  A person commits the crime of disorderly conduct if with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he;

    (1)  Engages in fighting or in violent tumultuous or threatening behavior; or

    (2)  Makes unreasonable noise; or

    (3)  In a public place uses "abusive or obscene language"[4] or makes an obscene gesture, or

    (4)  Without lawful authority disturb any lawful assembly or meeting of persons; or

    (5)  Obstructs vehicular or pedestrian traffic, or a transportation facility; or

    (6)  Congregates with other person in a public place and refuses to comply with a lawful order of the police to disperse.

Defendants claim Plaintiff initiated a confrontation but the amended complaint clearly states he intended to confront Mr. Inabinentt about his past treatment of Plaintiffs family. Plaintiff use of the word or phrase "damn you" can hardly be considered as fighting words. See *R.I.T. v State* 675 So. 2d 97 (Ala. Crim. App. 1995) where a "Juvenile told police officer "fuck you" did not amount to fighting words and could not be adjudicated delinquent based on a finding of disorderly conduct". There is nothing in the law that says two people cannot have a discussion on a public street. No reasonable policeman in the same position would have believed that Mr. Millers conduct was criminal. Taken in a light most favorable to the Plaintiff, Defendants motion to dismiss should be

---

[4] "The "abusive or obscene language" provision is very narrow and applies only to fighting words". *Mosely v City of Auburn* 428 So 2d 165 (Ala. Crim. App. 1982).

denied.

The facts surrounding Plaintiffs arrest as alleged when taken in a light most favorable to Plaintiff do not support defendants claim of arguable probable cause. If the court finds that Plaintiffs claims for false arrest are due to be dismissed then Plaintiff would argue that Plaintiff was the victim of excessive force during a lawful stop and Defendants use of force was excessive based on the fourth amendments reasonableness standard set fourth in *Graham v Connor* 490 U.S. 385, 395 (1989)

## COUNT III

## FALSE IMPRISONMENT

"False imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty" § 6-5-170 *Ala. Code* 1975"Thus a wrongful arrest will also support a claim for false imprisonment." *Upshaw v McArdle* 650 So. 2d 875 (Ala. 1994) If Plaintiff's false arrest claim is valid then that would logically follow that defendant had no right to detain Plaintiff by handcuffing him and carrying him 20 miles away to be booked in another City.(Plaintiffs amended complaint Paragraph 7). Defendant has offered no evidence to refute the allegation of the complaint and when taken in a light most favorable to Plaintiff, Defendant's motion to dismiss should be denied.

If Defendant Williams cannot show that Plaintiff's arrest was lawful and with probable cause, then his false imprisonment of Plaintiff is unlawful and Qualified Immunity will not apply, state agent immunity is analogous to qualified immunity and the same standard is applicable.

## COUNT IV

## ASSAULT AND BATTERY

Defendant Williams Claims he is entitled to State-agent immunity pursuant to § 6-5-338(a) Ala. Code (1975)[5] "Peace Officer immunity does not provide immunity from liability for the commission of an intentional tort, but only for negligence in the exercise of judgement" *Hollis v City of Brighton* 950 So. 2d 300 (Ala. 2006) "A state agent shall not be immune from civil liability in his or her personal capacity when the state agent acts willfully, maliciously, fraudulently in bad faith, beyond his authority or under a mistaken interpretation of the law" *Ex parte Cranman* 792 So. 29 392, 405 (Ala. 2000). " The court has required the plaintiff to prove that the Defendant's conduct was "so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith" *Couch v City of Sheffield* 708 So. 2d 144 (Ala 1998). In Plaintiffs complaint Defendant Williams stated he "didn't give a damn how old Plaintiff was" (See Plaintiffs Amended Complaint paragraph 7) Plaintiff further alleged he suffered lacerations from the handcuffs and Defendant refused to loosen them (Plaintiffs Amended Complaint Paragraph 7). These facts taken in a light most favorable to Plaintiff support the contention that Defendant Williams being aware of Mr. Millers age and condition intended to injury Plaintiff and did in fact cause serious physical injuries to Plaintiff by use of excessive force, were it is clear, absolutely no force was necessary to affect an arrest whether it was lawful or false.

Plaintiff has offered his declaration with attached exhibits (See Doc. 15) as evidence that Officer Williams had a longstanding friendship with Jackie Inabinett who was related to fellow

---

[5]Defendant in their memorandum claim Office Neal is entitled to State-Agent immunity. (See pg. 29(a) Doc. 47) Plaintiff assumed Defendant intended to change the name to Williams from Neal.

officers on the Florala Police Department. This is evidence that Defendant was taking sides in a long standing feud between Mr. Inabinett and Plaintiff's family. This coupled with the severity of the injuries Defendant inflicted upon Plaintiff, defendants failure to provide medical care to Plaintiff after the assault and defendants opinion that "he didn't give a damn how old plaintiff was" evidence the great deal of ill will Officer Williams had toward Plaintiff. Plaintiff has set forth facts sufficient to satisfy any heightened pleading standard claimed by Defendant. Defendant Williams is not therefore covered by state agent immunity as restated in *Cranman* or by virtue of § 6-5-338 (a) Ala Code (1975).

Defendant has offered no evidence to contradict Plaintiffs well pled complaint and as such Defendants motion to dismiss should be denied.

## COUNT V

## FAILURE TO INTERVENE

This Count is directed at Officer Christopher Neal.

## COUNT VI

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

This Count is directed at Defendant City of Florala not Defendants Williams.

## CONCLUSION

Considering all facts and evidence in a light most favorable to Plaintiff, it is abundantly clear that Plaintiff stated multiple claims from which relief may be granted. Additionallly, Plaintiff contends that the Pleadings and evidence demonstrate that the very conduct of Defendant "lies at the very core of what the 4th amendment prohibits, that the unlawfulness of the Defendants conduct was readily apparent" *Vineyard v Wilson* 311 Fd 1340, 1355 (11th Cir. 2002). Whether there was probable

cause or not to arrest plaintiff defendants conduct is actionable under § 1983. Regardless of whether there are cases from the 11th Circuit that set out a standard for law enforcement this case should be covered by the provision of the 4th Amendment. No officer faced with these set of facts would react the way officer Williams and Neal did when faced with an upset 83 year old man shaking a walking stick. Every push or shove of an 83 year old man should be deemed unnecessary and excessive even later in the peace of a judges chambers. One cannot imagine that the most vulnerable and in need of the governments protection cannot find refuge and redress in the protections afforded all citizens under the 4th amendment of the Constitution of the United States. Defendants 12(b)(6) motion for failure to state a claim, qualified immunity and state-agent immunity should be denied.

/s/ L. Cooper Rutland, Jr.
(RUT010) Attorney for Plaintiff

OF COUNSEL:
Rutland Law, L.L.C.
208 Prairie Street North
Post Office Box 551
Union Springs, Alabama 36089
phone: 334-738-4770
fax    : 334-738-4774
lcrj@ustconline.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___23th___ day of __May____ 2008, I electronically filed the foregoing *Plaintiff's memorandum in support of his opposition to Defendant Perry Williams Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Honorable James H. Pike
SHEALY, CRUM & PIKE, P.C.
P.O. BOX 6346
DOTHAN, AL 36302-6346
E-mail jpike @scplaw.us

/s/ L. Cooper Rutland, Jr.
Of Counsel