IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIS P. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-87 |
| | ) |
| CITY OF FLORALA, ALABAMA, et al., | ) |
| | ) |
| Defendant. | ) |

### REPLY TO PLAINTIFF'S RESPONSE TO PERRY WILLIAMS'S MOTION TO DISMISS

Perry Williams submits this reply to the plaintiff's response to his motion to dismiss.

### STANDARD OF REVIEW

For the reasons stated in Christopher Neal's reply to the plaintiff's response to Neal's motion to dismiss, Perry Williams disputes the plaintiff's statement of the standard of review. (See Doc. 45 at 1-2.)

### COUNT ONE: THE EXCESSIVE FORCE CLAIM

**A.    Excessive Force Claim**

As to the Fourth Amendment claim alleging excessive force, the plaintiff has not refuted Perry Williams's argument from his principal brief. In particular, the plaintiff has not carried his burden to identify a violation of clearly established law under then-existing precedent of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, or the Alabama Supreme Court.

1

By his own admission, the plaintiff went to the Florala Police Department to initiate a confrontation. (See 1st Am. Compl. at 2, ¶ 5.) He raised a stick to threaten another person. (See 1st Am. Compl. at 2, ¶ 6.) He was taken to the ground and handcuffed. (See 1st Am. Compl. at 2-3, ¶ 7.)

There is no allegation of any force after handcuffing. As the cases in Perry Williams's principal brief illustrate, the first amended complaint does not allege facts that demonstrate a violation of clearly established law.

## B. Deliberate Indifference Argument

As with Christopher Neal's motion to dismiss, the plaintiff's response to Perry Williams's motion to dismiss argues for the Court to read a Fourteenth Amendment deliberate indifference claim into Count One. That would be improper.

The text of Count One could not be clearer: "*Defendant Williams* while operating in the line and scope of his employment with Defendant City of Florala did use *excessive force* when affecting [sic] an unlawful arrest of plaintiff." (Doc. 11 at 7, ¶ 13 (emphasis added).)[1]

Count One does not say anything about deliberate indifference or the Fourteenth Amendment Due Process Clause.

> A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity. To do so is to ignore both the heightened pleading standard for § 1983 claims that is the law of this circuit and the

---

[1] The plaintiff's attempt to invoke all preceding paragraphs of the complaint to override the specific allegations of Count One is also improper. (See Doc. 43 at 2.) A court cannot infer claims that are not pled. See GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("the district court went beyond the permissible boundaries of Fed. R. Civ. P. 8, in effect supplying GJR with an equal protection claim when none was evident on the face of the complaint").

>Supreme Court's call for 'firm application of the Federal Rules of Civil Procedure' in cases where qualified immunity is asserted.

GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (quoting Butz v. Economou, 438 U.S. 478, 508 (1978)).

Count One does not allege deliberate indifference to a serious medical need. It does not even mention the Fourteenth Amendment Due Process Clause. Under the Eleventh Circuit's holding in GJR, the plaintiff may not rely upon claims that were never pled to overcome a motion to dismiss.

Perry Williams is entitled to qualified immunity against Count One. See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) ("The motion to dismiss will be granted if the complaint fails to allege the violation of a clearly established constitutional right.").

## COUNT TWO: THE FALSE ARREST CLAIM

The burden to overcome qualified immunity for the Fourth Amendment false arrest claim falls upon the *plaintiff*, and the applicable standard is *arguable* probable cause. See McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. Apr. 11, 2007) ("If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff."); Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004) ("Officers who make an arrest without probable cause are entitled to qualified immunity if there was arguable probable cause for the arrest.").

The plaintiff's response consists primarily of jury arguments in defense of the plaintiff's criminal behavior. The plaintiff has not cited any cases that demonstrate a violation of clearly established law.

3

"Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). "The burden of showing that an officer violated clearly established law falls on the plaintiff, and a plaintiff's citation of general rules or abstract rights is insufficient to strip a § 1983 defendant of his qualified immunity." Jackson v. Sauls, 206 F.3d 1156, 1165 (11th Cir. 2000).

"Qualified immunity is a sharply focused, situation bound analysis." Crosby v. Paulk, 187 F.3d 1339, 1345 (11th Cir. 1999). "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201 (2001).

"For the law to be 'clearly established,' case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir. 2000).

"Government officials are not required to err on the side of caution." Marsh v. Butler County, 268 F.3d 1014, 1031 (11th Cir. 2001). "In the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "A plaintiff cannot strip a § 1983 defendant of her qualified immunity by citing to general rules or abstract rights." Wilson v. Strong, 156 F.3d 1131, 1134 (11th Cir. 1998). "General rules, propositions, or

abstractions, such as acting with probable cause, do not determine qualified immunity." Crosby v. Paulk, 187 F.3d 1339, 1345 (11th Cir. 1999).

"In this circuit, the law can be clearly established for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Lee v. Ferraro, 284 F.3d 1188, 1197 n.5 (11th Cir. 2002).

The plaintiff has not carried his burden to demonstrate that Perry Williams violated clearly established law under the facts alleged in the amended complaint. The essence of the plaintiff's argument is that his threat should not have been taken seriously because his odds of success were slim. The plaintiff does not deny that he intentionally started a confrontation with Mr. Inabinett, cursed him, and raised a cane against him in anger.

In qualified immunity terms, the plaintiff had the burden to identify a decision by the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, or the Alabama Supreme Court that holds a police officer lacks arguable probable cause to arrest a man who intentionally initiates a confrontation with another, curses the other, and raises a cane against the other in anger. The plaintiff has not done that.

Perry Williams is entitled to qualified immunity against Count Two.

### COUNT THREE: THE FALSE IMPRISONMENT CLAIM

The plaintiff's response misstates the law governing his state law false imprisonment claim. The plaintiff writes, "If Defendant Williams cannot show that Plaintiff's arrest was lawful and with probable cause, then his false

5

imprisonment of Plaintiff is unlawful and Qualified Immunity will not apply." (Doc. 51 at 13.)

The applicable defense is actually *State-agent immunity*. See Ala. Code § 6-5-338(a)( 1975).

The applicable legal standard is actually *arguable probable cause.* See Borders v. City of Huntsville, 875 So.2d 1168, 1180 (Ala. 2003) ("we agree that the standard of arguable probable cause should govern further proceedings in this case"); Greene v. Byrd, 897 So. 2d 1107, 1115 (Ala. Civ. App. 2003) ("Our supreme court has recently adopted the concept of 'arguable probable cause' in cases in which a police officer claims discretionary-function immunity after making a warrantless arrest.").

The burden to overcome Perry Williams's immunity defense actually falls upon the *plaintiff*. See Moore v. Adams, 754 So. 2d 630, 632 (Ala. 1999) ("the burden shift[s] to the plaintiff to establish that the defendants acted fraudulently, in bad faith, or with malice or willfulness, in order to deny the defendants the immunity from suit otherwise provided them by § 6-5-338)").

The plaintiff has neither pled nor argued that Perry Williams's *decision to arrest* the plaintiff was fraudulent, in bad faith, malicious or willfully wrong. The plaintiff also has not demonstrated that, under the facts alleged in the amended complaint, there was not *arguable* probable cause to arrest him for Harassment, Disorderly Conduct, and Menacing. See Ala. Code §§ 13A-11-8, 13A-11-7, and 13A-6-23 (1975) respectively.

Because the plaintiff has not met his burden to overcome the State-agent immunity defense, Perry Williams is entitled to dismissal of Count III.

## COUNT FOUR: THE ASSAULT AND BATTERY CLAIM

The first amended complaint does not allege facts that demonstrate Perry Williams acted fraudulently, in bad faith, maliciously, or willfully in order to overcome State-agent immunity for the assault and battery claim.

Despite the court's admonition to limit submissions to those contemplated by the applicable portions of the Federal Rules of Civil Procedure, (see Doc. 19 at 2), the plaintiff again cites a declaration and attached exhibits he previously filed at Document 15.  (See Doc. 51 at 14.)  For the reasons stated in the City of Florala's Objection and Motion to Strike at Document 16, Perry Williams also objects to the declaration and its attached exhibits and moves to strike them again.

The amended complaint clearly alleges that the plaintiff sought this confrontation by driving to the police station on his own. (See 1st Am. Compl. at 2, ¶ 5.)  The plaintiff started the fight by raising his cane at another person and cursing the person. (See 1st Am. Compl. at 2, ¶¶ 5-6.)

These facts alone demonstrate the complete absence of a culpable mindset by Perry Williams.  Perry Williams did not go looking for trouble. Trouble found him.

Even if during the heat of the confrontation Perry Williams exclaimed that he "didn't give a damn how old Plaintiff was,"[2] such a statement does not demonstrate that Officer Williams's actions were motivated by malice toward the plaintiff.

An officer's alleged use of the word "damn" cannot transform otherwise lawful force into excessive force. To overcome immunity on a showing of malice, a plaintiff must offer substantial evidence of personal ill will, or a sole purpose to harass. See Ex parte Tuscaloosa County, 796 So. 2d 1100, 1107 (Ala. 2000) (requiring showing of personal ill will or conduct motivated *solely* to harass); Couch v. City of Sheffield, 708 So. 2d 144, 153-54 (Ala. 1998) ("it would be pure speculation for one to infer from Couch's evidence that Lesley had a personal ill will against him and that he maliciously or in bad faith arrested him solely for purposes of harassment"); Key v. City of Cullman, 826 So. 2d 151, 157 (Ala. Civ. App. 2001) (refusing to infer malice merely because officer did not proceed in manner plaintiff would have preferred).

The plaintiff has not made any factual allegation of personal ill will. The plaintiff's admittedly hostile and aggressive behavior eliminates any claim that Williams acted solely with the purpose to harass.

Perry Williams is entitled to State-agent immunity against Count Four.

### **COUNT FIVE: THE FAILURE TO INTERVENE CLAIM**

The plaintiff admits Count Five does not state a claim against Perry Williams. (See Doc. 51 at 15.)

---

[2]   This so-called quotation stretches the bounds of credibility. It's unlikely that Williams would have used the term "Plaintiff" during the incident.

## COUNT SIX: THE NEGLIGENT HIRING, TRAINING AND SUPERVISION CLAIM

The plaintiff admits Count Six does not state a claim against Perry Williams.  (See Doc. 51 at 15.)

## CONCLUSION

For the foregoing reasons, Perry Williams is entitled to qualified immunity against the plaintiff's federal claims in Counts One, Two and Five, and State-agent immunity against the state law claims in Counts Three, Four and Six.  Perry Williams moves to dismiss all claims against him with prejudice.

s/ James H. Pike
Attorney for Defendant
Officer Perry Williams

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail jpike@scplaw.us

9

**CERTIFICATE OF SERVICE**

     I, James H. Pike, certify that on June 8, 2008, I electronically served this document upon:

L. Cooper Rutland, Jr.
RUTLAND LAW, LLC
P.O. Box 551
Union Springs, Alabama  36089


                                         **s/ James H. Pike**
                                         James H. Pike