IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIS P. MILLER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:08-cv-87-MEF |
| | ) | |
| CITY OF FLORALA, ALABAMA, *et al.*, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

Willis P. Miller ("Miller") brings this suit challenging the grounds for his arrest and the force used to carry it out. He claims that the City of Florala ("Florala") and two men then employed as police officers for Florala, should be liable to him for violations of his rights under the United States Constitution and for various claims created by the laws of Alabama. Defendants seek dismissal of all claims on a variety of grounds. The Court has spent significant time wrestling with the legal issues raised in the submissions. Due in part to an evolving legal landscape and in part to the quality of the briefs submitted, the Court has found resolution of the current motions quite difficult. Accordingly, for the reasons set forth below, the Court will require Miller to file a second amended complaint, and upon the filing of that pleading, it will deny the motions to dismiss directed to the amended complaint as moot.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.[1]  Additionally, Florala has not argued that the Court does not have personal jurisdiction over it.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In October of 2007, Miller was an 82 year old resident of Laurel Hill, Florida. Miller's daughter Brenda Warhop ("Warhop") contacted Miller and told him that she was traveling to the Florala Police Department to file a harassment complaint against a neighbor, Jackie Inabinent ("Inabinent").[3]  Warhop also allegedly told Miller that Inabinent was following her closely as she was driving to the police station.  Warhop and Inabinent arrived at the station at the same time and an argument ensued.  Perry Williams ("Williams"), who was then acting in the course of his employment as an investigator for the City of Florala, and Christopher Neal ("Neal"), who was then acting within the line and scope of his employment

---

[1] While Miller fails to specifically invoke 28 U.S.C. § 1367 in the jurisdiction section of his Amended Complaint, he does plainly bring claims pursuant to Alabama law along with the claims pursuant to 42 U.S.C. § 1983 ("§ 1983") over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Explicitly invoked or not, § 1367 is the only plausible source of this Court's subject matter jurisdiction over the Alabama law claims in this lawsuit.

[2] Due to the procedural posture of this case, the following is a summary of the factual basis for the lawsuit as set forth by the allegations of the Plaintiffs [sic] 1st Amended Complaint (Doc. # 11).

[3] Although this the how the name is spelled in the allegations of the pleadings, it appears that Warhop's neighbor's name may actually be Inabinett, at least that is how Defendants have spelled the name.

2

as a police officer for Florala, came outside and separated Warhop and Inabinent. Williams and Neal began to take statements from Warhop and Inabinent. Warhop's husband arrived on the scene. Fearing for Warhop's safety, Miller also arrived at the police station with the intention of confronting Inabinent about Inabinent's past treatment of Warhop.

Walking with the aid of a cane, Miller slowly approached Inabinent. Miller raised his cane in the air and cursed Inabinent saying "damn you Jackie I'm tired of you messing with me and my family." At the time of this utterance, Neal was standing between Inabinent and Miller. Williams took the cane away from Miller. Williams grabbed Miller by his arm and slung him to the ground. Williams took Miller by the arm and pushed him face first into a bench on the sidewalk. Warhop and her husband begged Williams not to be so rough with Miller because he was 82 years old and scheduled for heart surgery. Williams responded that he didn't "give a damn how old he was" because he "wasn't going to have this on his watch." Williams mashed Miller's head into the bench while placing the handcuffs on him tightly. Miller suffered severe lacerations to his wrist and arms from the handcuffs. He begged to have them removed or loosened. Williams refused and directed Neal to drive Miller to the Covington County Jail miles away in county seat of Andalusia. Defendants charged Miller with Assault III. The charges against Miller were later dropped.

On February 8, 2008, Miller filed suit in this Court against Florala and Williams. The original complaint contained three counts: excessive force in violation of his Fourth Amendment rights; false arrest in violate of his Fourth Amendment rights; and negligence.

3

Miller sought compensatory and punitive damages and attorney's fees and costs. Florala filed a motion to dismiss all claims against it. The Court directed Miller to respond. Miller filed the Amended Complaint on March 13, 2008. Later, he filed a cursory response to the motion to dismiss. Because Florala's initial motion to dismiss was directed to the claims as alleged in the initial complaint and because Miller had thereafter amended his complaint, the Court denied Florala's initial motion to dismiss as moot.

The Amended Complaint names three defendants: Florala, Williams, and Neal. All The Amended Complaint contains six counts. In Count I, Miller seeks compensatory and punitive damages from all three defendants for alleged use of excessive force during the course of his unlawful arrest in violation of his rights under the Fourth Amendment to the United States Constitution.[4] In Count II, Miller seeks compensatory and punitive damages from all three defendants for alleged unlawful arrest without probable cause in violation of his rights under the Fourth Amendment to the United States Constitution. In Count III, Miller seeks compensatory and punitive damages from all defendants pursuant to Alabama law for alleged false imprisonment. In Count V,[5] Miller seeks compensatory and punitive

---

[4] Although the Amended Complaint makes no reference to § 1983, the Court presumes that Miller intends to avail himself of the remedy that statute provides for deprivations of federally protected rights at least to his claims arising out of alleged violations of his rights under the United States Constitution: Count I, Count II, and Count VI -Failure to Intervene. Indeed, Miller attempts to clarify this somewhat in his arguments in opposition to the motions to dismiss.

[5] The Amended Complaint contains several typos with respect to the numbering of the counts. There is actually no count identified as Count IV, and two counts are identified as Count VI.

damages from all defendants pursuant to Alabama law for alleged assault and battery. In Count VI - Failure to Intervene, Miller alleges that Neal had a duty to intervene to protect him from the assault and the use of excessive force by Williams. This allegation purports to seek judgment from all defendants for Neal's failure to intervene to protect Miller from the use of excessive force and is presumably brought pursuant to § 1983. Finally, in Count VI - Negligent Hiring, Training, and Supervision, Miller alleges that Florala had a duty to properly hire, train, and supervise Williams and that it failed to provide Williams with additional training and supervision which resulted in Williams injuring Miller. Miller demands judgment against all three defendants[6] in Count VI and seeks compensatory and punitive damages.

As mentioned, each of the counts in the Amended Complaint purports in some way to seek judgment against all defendants. Nevertheless, it is less than clear from other allegations that Miller actually intends to bring each of the counts against all the defendants. Indeed, Miller has conceded in his briefs submitted in opposition to the pending motions for summary judgment that certain of the counts are directed against only some of the defendants. For the sake of clarity, the Court will recite those concessions here. Count I (Excessive Force pursuant to § 1983) is brought against Williams, Neal, and Florala. Count

---

[6] In a brief in opposition to one of the pending motions to dismiss, Miller clarified that Count VI- Negligent Hiring, Training and Supervision was intended to only be directed at Florala and not at Neal or Williams. *See* Doc. # 43. Additionally, Miller clarified that this claim is brought pursuant to Alabama law only and not pursuant to 42 U.S.C. § 1983. *See* Doc. # 32.

II (False Arrest pursuant to § 1983) is brought against Williams, Neal, and Florala. Count III (False Imprisonment under Alabama law) is brought against Williams, Neal, and Florala. Count V (Assault and Battery under Alabama law) is brought against Williams and Florala. Count VI[sic] (Failure to Intervene pursuant to § 1983) is brought against Neal and Florala. Count VI[sic] (Negligent hiring, training, and supervision pursuant to Alabama law) is brought only against Florala.

This matter is now before the Court on three motions to dismiss: the Motion to Dismiss Amended Complaint (Doc. # 17) filed by Florala on March 25, 2008; the Motion to Dismiss Based Upon Immunity (Doc. # 39) filed by Neal on April 29, 2008; and the Motion to Dismiss Based Upon Immunity (Doc. # 46) filed by Williams on May 19, 2008. Although he has not refuted all grounds on which defendants urge dismissal, Miller has filed briefs in opposition to each of these motions asking that the motions be denied.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). Lawsuit was initiated after to the release of the *Twombly* decision, but prior to *Iqbal* and *Sinatrainal* which further clarify the paradigm shift brought about by *Twombly*. Nonetheless, counsel for Miller has failed to appreciate the import of the *Twombly* ruling or even to acknowledge its existence in his arguments. Instead, he relies on cases decided under the prior standard.

Under *Twombly* and its progeny, a complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is

7

considering dismissal of a complaint at the pleading stage, it must assume the well-pleaded allegations of the complaint are true).

Furthermore, the Court notes that in addition to failing to appreciate this important shift in the applicable law, counsel for Miller has submitted arguments to this Court which are replete with reliance on claims and facts not even hinted at in the Complaint or the Amended Complaint. Even under the most liberal notice pleading standards, these are claims and facts about which the pleadings fail to provide fair warning. In drafting the Second Amended Complaint, counsel for Miller must include in that document the factual predicate for any claims it wishes the Court to consider. Failure to do so will result in the granting of motions to dismiss that the Court anticipates the defendants will file upon receipt of the Second Amended Complaint.

Accordingly, it is hereby ORDERED as follows:

1. Counsel for Miller shall carefully read *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); and *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). By no later than **January 22, 2010**, counsel for Miller shall file with the Court a certification that he has read those cases. Failure to comply with this requirement may result in the imposition of sanctions.

2. On or before **January 29, 2010**, but in any event **after** the filing of the certification required in the preceding paragraph, counsel for Miller shall file a second amended

complaint. Rather than simply recycling a prior version of this pleading, counsel for Miller is ordered to carefully and mindfully craft this pleading in a way that clearly sets forth the nature of each claim, the factual predicate for that claim, and the defendant or defendants against whom each claim is made.

    3. The Motion for Hearing (Doc. # 53) is DENIED.

    4. Upon the filing of the Second Amending Complaint, the Court will deny all pending motions to dismiss as moot.

    DONE this the 14th day of January, 2010.

                                  /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE